NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2015 VT 115

No. 2015-035

| | |
|---|---|
| Michael Bandler, MB&Co, Ltd. a/k/a Michael Bandler & Company | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, Civil Division |
| | |
| Cohen Rosenthal & Kramer, LLP | June Term, 2015 |

Theresa S. DiMauro, J.

Michael Bandler, Pro Se, Quechee, Plaintiff-Appellant.

Allan R. Keyes of Ryan Smith & Carbine, LTD., Rutland, for Defendant-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.     **ROBINSON, J.**   Plaintiffs Michael Bandler and MB&Co, Ltd. ("corporation") bring an interlocutory appeal from the trial court's ruling that Bandler, a nonattorney, may not represent corporation in this case. He argues that the trial court violated his due-process rights by ruling on the basis of the parties' respective written submissions on the issue of representation without giving him prior notice of its concerns about his representation so that he could respond "by way of papers [or] argument" before the trial court issued its ruling. We disagree and affirm.

¶ 2.     Except where otherwise noted, the following facts are undisputed. Bandler is the sole shareholder and president of corporation. In July 2003, Bandler and Michael Bandler & Co., Inc. sued Charter One Bank, raising several claims based on the bank's alleged failure to

honor advertising promises and other representations in connection with a checking account. That case bounced back and forth between judicial and arbitration proceedings, and the plaintiffs' arbitration demand expanded to include a demand for class-action arbitration. See Bandler v. Charter One Bank, 2012 VT 83, ¶¶ 2-11, 192 Vt. 383, 59 A.3d 157. During the course of the arbitral proceedings, the arbitrator dismissed Bandler's individual claim and later substituted MB&Co., Ltd. for Michael Bandler & Co., Inc. Id. ¶ 2 n.1.

¶ 3. In December 2012, on behalf of Michael Bandler & Co., Inc., Bandler signed a retainer agreement pursuant to which defendant Cohen Rosenthal & Kramer LLP (CRK) agreed to "assume representation of Michael Bandler & Company, Inc." in connection with the class-action arbitration. Whether CRK also assumed any duty to Bandler individually appears to be a point of dispute between the parties. This agreement, and the subsequent course of CRK's representation, gave rise to the present lawsuit in which Bandler and corporation have sued CRK, alleging fraud in the inducement, breach of contract, legal malpractice, and violation of Vermont's consumer-protection law.

¶ 4. Before answering plaintiffs' complaint, CRK filed a motion to dismiss, arguing that Bandler does not meet the criteria for allowing a nonattorney to represent a corporation under Vermont law. In particular, CRK detailed Bandler's pro se litigation history and pointed to an instance in which a court sanctioned Bandler for a frivolous lawsuit. CRK also referenced this Court's conclusion that an affidavit submitted by Bandler in an unrelated lawsuit was "too incredible to be believed by reasonable minds." Bandler v. Majestic Car Rental Grp., Inc., No. 2013-212, 2013 WL 9055946, at *1 (Vt. Dec. 17, 2013) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. CRK argued that because of this past history, and because a self-represented litigant is not bound by the ethical rules of attorneys, allowing Bandler to represent corporation would be unduly burdensome to CRK and to the court.

¶ 5.   Bandler opposed the motion to dismiss and cross-moved to appear on behalf of corporation.  Citing the statutory standard for nonattorney representation of a corporation, 11A V.S.A. § 3.02(1), Bandler reviewed his qualifications to represent corporation.  He responded to CRK's claims about the two instances in which courts disparaged his conduct, and attached motion papers written by him in other matters.  Bandler suggested that the court consider the motion papers in evaluating his legal skills.  Bandler also argued that dismissal would be a draconian remedy because his individual claims would remain even if the court ruled that he could not represent corporation, and corporation should be given the chance to retain counsel in such a situation.  Bandler did not request an evidentiary hearing or oral argument.

¶ 6.   In reply, CRK responded to Bandler's factual and legal arguments and argued that Bandler had failed to establish any individual claims against CRK because the retainer agreement was between CRK and corporation.

¶ 7.   In its ruling, the trial court began with the statutory exception to the general rule that a corporation must appear through counsel.  11A V.S.A. § 3.02(1).  The statute provides that a corporation may appear through a nonattorney representative if: the corporation so authorizes, id. § 3.02(1)(A); the nonattorney representative "demonstrates adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the court," id. § 3.02(1)(B); and the nonattorney representative "shares a common interest with the corporation," id. § 3.02(1)(C).  Focusing on the second factor, the court explained, "there are indeed serious concerns about Mr. Bandler's ability to present the Corporation's claims in this case."  The court explained,

> While the court acknowledges that Mr. Bandler is the sole shareholder of the Corporation, any claims Mr. Bandler might assert as an individual are distinct from claims asserted by the Corporation, and it is important for the efficient resolution of this case that these claims be kept separate.  However, there has already been significant confusion of the issues in the complaint

and responsive pleadings, and such confusion is unlikely to be corrected by this court's admonition.

The court further explained that even though CRK did not represent Bandler individually, interactions between Bandler himself and CRK would likely be central to resolution of this case. For that reason, the court expressed its concern "with the tenor of the parties' colloquy even at this early stage of the case, as well as the intrusion of collateral issues" into Bandler's filings.

¶ 8. On the basis of these considerations, the trial court concluded that allowing Bandler to represent corporation would be unduly burdensome to the court and CRK. The court denied the motion to dismiss and gave corporation thirty days to obtain counsel. It also noted, "To the extent there is confusion about Mr. Bandler's individual claims versus the Corporation's claims, . . . the Plaintiffs' original complaint did not adequately distinguish between the two entities. In light of this order, the Plaintiffs should amend their complaint to reflect this distinction upon obtaining counsel." This Court granted Bandler's motion for permission to take an interlocutory appeal.[1]

¶ 9. Plaintiffs' claim on appeal is narrow and procedural. Plaintiffs do not directly challenge the merits of the trial court's decision.[2] Instead, they specifically ask this Court to address only the procedural question of whether they were entitled to "the opportunity to be heard by the [t]rial [c]ourt, by way of papers [or] argument, as to the trial court's concerns about" their complaint and to an opportunity to amend it in response to the court's concerns. Plaintiffs do not claim a right to an <u>evidentiary</u> hearing. Instead, their argument on appeal seems

---

[1] This Court's entry order granting permission to appeal cites Vermont Rule of Appellate Procedure 5(b). However, Rule 5.1, allowing for interlocutory review of collateral final orders in specified circumstances, is more squarely applicable. See, e.g., <u>Vt. Agency of Natural Res. v. Upper Valley Reg'l Landfill Corp.</u>, 159 Vt. 454, 455, 621 A.2d 225, 226-27 (1992) (noting that pursuant to Rule 5.1, this Court granted interlocutory appeal of trial court's order requiring intervenor organization to appear through counsel).

[2] Accordingly, we do not reach the question of whether the trial court's decision was an abuse of discretion on the merits.

4

to be that due process required the trial court to notify plaintiffs of its analysis relating to the pending motions, or its proposed analysis, before issuing its decision so that they would have an opportunity to amend the complaint and to further argue in response to the trial court's concerns.

¶ 10. Our standard of review of the trial court's decision not to hold a hearing "is narrow and depends on an affirmative showing that the court abused or withheld its discretion." In re D.B., 161 Vt. 217, 222, 635 A.2d 1207, 1210-11 (1993).

¶ 11. Plaintiffs have cited no statute or rule that entitles them to argument concerning the trial court's considerations on the pending motions prior to the trial court's issuance of its decision. As noted above, plaintiffs are not arguing that they were entitled to an evidentiary hearing.[3] The Vermont Rules of Civil Procedure give the trial court discretion in deciding whether to hear argument. See V.R.C.P. 78(b)(2) ("In any case, the court may decline to hear oral argument and may dispose of the motion without argument."); Shaw v. Barnes, 166 Vt. 610, 610, 693 A.2d 710, 711 (1997) (mem.) (holding that civil rules give court discretion to decline oral argument on motions in all cases).

¶ 12. The trial court acted within its discretion in deciding the pending motions without a hearing or argument and without soliciting further written argument from plaintiffs. Plaintiffs did not request argument in their motions. The notion that a court is obligated to lay out its decisionmaking process for the parties before it actually issues a decision, giving them an opportunity to respond to the court's perspective, is unprecedented. Moreover, in this case the court did exactly what plaintiffs had invited the court to do: it analyzed the pleadings and motion papers authored by Bandler in assessing whether allowing Bandler to represent the corporation would be unduly burdensome. To the extent that plaintiffs argue on appeal that they should have

_____

[3] Even if plaintiffs now argued that they were entitled to an evidentiary hearing, they did not comply with Vermont Rule of Civil Procedure 7(b)(4) in the trial court. That rule states that pursuant to Rule 78(b), "[t]he request for an opportunity to present evidence shall include a statement of the evidence which the party wishes to offer." V.R.C.P. 7(b)(4).

been given an opportunity to amend the complaint before the court's decision, they miss the point of the court's analysis. The court gave plaintiffs an opportunity to amend the complaint in response to its guidance, but the fact that plaintiffs required such guidance in the first place was one of several factors the court relied on in determining that allowing Bandler to represent corporation would be unduly burdensome.

¶ 13.   Nor did the court's actions violate plaintiffs' rights to constitutional due process. Due process does not require a trial court to notify parties in advance of its analysis as to their motions, or give parties an opportunity to make contrary arguments before issuing its ruling. "[T]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Brock v. Roadway Express, Inc., 481 U.S. 252, 261 (1987) (quotation omitted); accord Stone v. Town of Irasburg, 2014 VT 43, ¶ 27, 196 Vt. 356, 98 A.3d 769. "[T]he required procedures may vary according to the interests at stake in a particular context." Stone, 2014 VT 43, ¶ 27 (quotation omitted); see also id. ¶ 32 (enumerating three factors in procedural due-process analysis). " 'Due process is flexible and calls for such procedural protections as the particular situation demands.' " Mathews v. Eldridge, 424 U.S. 319, 321 (1976) (brackets omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

¶ 14.   In this case, plaintiffs had notice of CRK's motion and arguments and filed a motion of their own. They were well aware of the applicable legal standard in 11A V.S.A. § 3.02 and that Bandler's ability to represent corporation without undue burden to the court or parties was the central issue before the court. They did not request a hearing. They had an opportunity to and did file arguments with the court concerning the pending motions. And if, as plaintiffs imply, the trial court relied on considerations that had not been explicitly articulated in the parties' motion papers, and misapprehended the facts or law in doing so, plaintiffs were free to file a Vermont Rule of Civil Procedure 59 motion with the trial court laying out their concerns. See, e.g., Upper Valley Reg'l Landfill Corp., 159 Vt. at 455, 621 A.2d at 226

(describing how organization required by trial court to retain counsel filed motion to reconsider in trial court, as well as motion for permission to appeal collateral final order under Appellate Rule 5.1); see also Fagnant v. Foss, 2013 VT 16A, ¶ 7, 194 Vt. 405, 82 A.3d 570 (per curiam) ("[O]ur settled law [is] that a motion for reconsideration is treated as a [Vermont Rule of Civil Procedure] 59 motion if its content and timing indicate that it was, for all intents and purposes, such a motion."). Moreover, plaintiffs were free to challenge the merits of the trial court's decision in this appeal. Under these circumstances, there is no colorable claim of a due process violation in the court's issuance of a decision without prior notice and opportunity for further argument by the parties. For these reasons, we affirm the trial court's ruling. To the extent that Bandler has individual claims against CRK, he is free to represent himself without counsel.

Affirmed.

FOR THE COURT:

_____
Associate Justice

¶ 15.  **EATON, J., concurring.**  While I concur in the decision reached by the majority on the procedural question, I write separately because I believe this appeal should not have been granted in the first instance. It appears that none of the criteria for an interlocutory appeal under Vermont Rule of Appellate Procedure 5, the basis upon which this Court accepted review, were met in this case. I likewise would not consider the trial court's decision disallowing plaintiff Michael Bandler's request to represent corporation's interests to meet the criteria for review under Rule 5.1 as a collateral final order.

¶ 16.  In my view, the decision to disallow representation of corporate interests by a nonattorney in this case is akin to a decision to disqualify counsel from continued representation of a client, which has been held not to be a collateral final order reviewable separately from the

7

merits. See <u>Richardson-Merrell, Inc. v. Koller</u>, 472 U.S. 424, 429-41 (1985) (recognizing finality requirement of 28 U.S.C. § 1291 and refusing to extend collateral final order exception articulated in <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463 (1978), which is similar to Vermont Rule of Appellate Procedure 5.1). I see no reason why a decision to deny a nonattorney the right to represent corporate interests should be treated any differently than a request to disqualify counsel from representing a party.

¶ 17. The use of the collateral final order exception to appeals before final judgment must be narrowly construed so as to avoid piecemeal litigation. Appeals of this nature have the effect of bringing the litigation to a standstill in the trial court pending resolution of the appeal. I do not believe that we are safeguarding the narrow exception to finality that is afforded to collateral final appeals by extending this Court's review to trial court decisions granting or denying a nonattorney the right to represent corporate interests. Accordingly, I would not have reached the procedural question here.

¶ 18. I am authorized to state that Chief Justice Reiber joins this concurrence.

_____
Associate Justice