*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2016-143

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| The Bank of New York Mellon | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Marjorie Johnston and Kamberleigh Johnston | } | DOCKET NO. 307-5-15 Rdcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Defendants appeal the trial court's order dismissing this foreclosure action without prejudice due to plaintiff bank's failure to complete service of the complaint on defendants within the required time. Defendants assert that the trial court made several errors during the proceeding and should have held a hearing on defendants' motion to dismiss the case with prejudice. We affirm.

Bank filed this foreclosure action in May 2015. Because the suit was initiated by filing the complaint, bank was required to complete service within sixty days. V.R.C.P. 3. Bank filed a motion in July 2015 to extend the time to complete service on defendants. The court granted that motion. In August 2015, bank moved for alternative service and another enlargement of time to complete service. The court scheduled a hearing on the motion for alternative service. The motion hearing was held in September 2015. Although he had not been served, defendant Kamberleigh Johnston entered a notice of appearance and appeared at the hearing. He brought a camera and objected to the spot that the court designated for him to film.[*] When the court did not change the designated spot, he made an oral request to disqualify the judge. This motion was referred to the Chief Superior Judge, who denied it in November 2015. Subsequently, the court granted plaintiff's motion to extend time to complete service, but denied the motion for alternative service. On February 1, 2016, the court again extended the time for service. In a follow-up order, on February 17, 2016, the court stated that if plaintiff failed to file proof of service by March 10, 2016 showing

---

[*] On appeal, defendants assert that the court erred in preventing a video of the hearing and in failing to make a written order on the camera issue. Defendants do not provide any analysis of these claims of error. The transcript of the hearing reflects that the court directed defendant Kamberleigh Johnston to situate the camera in a particular location, not that the court denied defendants permission to videotape. In any event, defendants fail to demonstrate how any ruling on the videotaping of the hearing impacted the decision on the merits, which is the subject of this appeal.

that service was accomplished by March 1, 2016, then the case would be subject to dismissal without prejudice.

On March 8, 2016, defendants moved to dismiss with prejudice. The motion asserted that there had been two prior foreclosure actions filed for the same property and that a hearing was required to allow defendants a chance to demonstrate why as a matter of equity this case should be dismissed with prejudice. On March 28, 2016, the court issued several orders, including one dismissing the case without prejudice for failure to complete service by March 1, 2016 as previously ordered and another denying the motion to dismiss with prejudice as moot. Defendants appeal.

On appeal, defendants have listed nineteen separate issues. For several of these issues, defendants have failed to include any argument in their brief and we therefore do not address them. See V.R.A.P. 28(a)(4) (setting forth requirements for argument in appellant's brief); Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (explaining that even with "wider leeway afforded to pro se litigants," simply stating error without more is insufficient to meet requirements of Vermont Rule of Civil Procedure 28(a)(4) (quotation omitted)).

The sole issues for which defendants have included an argument in their brief are their contentions that the court erred in dismissing the case without prejudice and in failing to hold a hearing on their motion to dismiss with prejudice. Defendants assert that it was within the court's discretion to dismiss the case here with prejudice given the prior two dismissed foreclosure actions and argue that they should have had an opportunity at a hearing to demonstrate why dismissal with prejudice was appropriate in this case.

We conclude that the court's dismissal without prejudice was not in error because the dismissal was for lack of jurisdiction. Where a civil action is commenced by the filing of a complaint, as here, Vermont Rule of Civil Procedure 3 requires that service be completed within sixty days. It is plaintiff's responsibility to complete service and when a plaintiff fails to serve the complaint within the required time, the plaintiff does not properly invoke the court's jurisdiction. See Smith v. Brattleboro Reformer, Inc., 147 Vt. 303, 304-05 (1986) (explaining that plaintiff has responsibility to complete service and failure to do so results in lack of jurisdiction).

The authority to dismiss for failure to timely serve the complaint and the result of that dismissal are set forth in the procedural rules. Rule 3 states that if service is not timely made the court on its own motion can dismiss the action. See V.R.C.P. 41(b)(1)(ii) (explaining that court on its own motion may dismiss action when service has not been completed on defendants within six months of filing of action). That rule does not specify whether the dismissal is with or without prejudice, but under Rule 41, absent specification in the court's order a dismissal "other than a dismissal for lack of jurisdiction" operates as an adjudication on the merits. V.R.C.P. 41(b)(3). Thus, the court has some discretion under Rule 41 to decide whether to dismiss a case without prejudice except where the dismissal is for lack of jurisdiction, in which case the dismissal is without prejudice. See U.S. Bank Nat'l Ass'n v. Kimball, 2011 VT 81, ¶ 22, 190 Vt. 210 (holding that even though court dismissed "with prejudice" this was in error because dismissal was for lack of jurisdiction); 9 A. Wright, et al., Fed. Prac. & Proc. Civ. § 2373 (3d ed.) (explaining that while court has discretion to decide whether to dismiss without prejudice, this "principle quite appropriately explicitly does not apply to a dismissal for lack of various forms of jurisdiction").

Here, to properly commence the action, bank was required to serve the complaint on defendants within the required period. Because bank did not complete service within the time period set by the court, the resulting dismissal was for lack of jurisdiction. Therefore, the court did not err in dismissing "without prejudice."

We further conclude that the court did not abuse its discretion in failing to hold a hearing on defendants' motion to dismiss with prejudice. The court has discretion in deciding whether to hear argument on a motion. See V.R.C.P. 78(b)(2) ("In any case, the court may decline to hear oral argument and may dispose of the motion without argument."); Bandler v. Cohen Rosenthal & Kramer, LLP, 2015 VT 115, ¶ 11, 200 Vt. 333 (explaining that court has discretion to decide motion without argument). Here, given that the court properly dismissed the case without prejudice, the motion to dismiss with prejudice became moot and there was no need to take evidence on that issue. Therefore, the court did not abuse its discretion in failing to hold a hearing on the motion.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice