*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-308

MARCH TERM, 2017

| | | |
|---|---|---|
| Michael Bandler and Michael Bandler and Company, Inc. n/k/a MB & Co., Inc. | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Charter One Bank n/k/a Citizens Bank | } | DOCKET NO. 451-7-03 Rdcv |

Trial Judge: Michael J. Harris

In the above-entitled cause, the Clerk will enter:

Plaintiff Michael Bandler appeals pro se from the confirmation of a final arbitration award that dismissed a claim raised by plaintiff Michael Bandler & Co., Inc. (MB & Co.). He raises numerous arguments. We affirm.

This case has a lengthy and tangled procedural history that we must recount in detail given Mr. Bandler's arguments on appeal. In July 2003, plaintiffs sued defendant Charter One Bank for breach of contract. Plaintiffs argued that they had opened "Totally Free Checking" accounts at the bank and were denied free gifts and improperly assessed overdraft charges. Defendant moved to dismiss the case due to a mandatory arbitration clause in the parties' contract. The court granted defendant's request, and a final judgment order issued in November 2003. Just prior to the issuance of the final judgment order, Mr. Bandler, on behalf of plaintiffs, moved for relief from judgment. Defendant responded by moving to disqualify Mr. Bandler from representing the corporation. The court granted defendant's request, finding that Mr. Bandler did not meet the standards set forth in caselaw that would allow him to act as an attorney for the corporation. On the same date, the court denied plaintiffs' motion for relief from judgment. In May 2004, Mr. Bandler moved to vacate the November 2003 dismissal order as well as the order preventing him from representing the corporation. The court denied these requests in August 2004. None of these orders were appealed.

In November 2004, plaintiffs demanded arbitration and submitted their claims to the American Arbitration Association. Plaintiffs amended their demand to include class allegations. In December 2007, the arbitrator dismissed Mr. Bandler as a party to the arbitration. Mr. Bandler did not challenge this decision, and he did not thereafter participate as a claimant in the arbitration. There was an interlocutory appeal to this Court during the arbitration process on an unrelated issue. See Bandler v. Charter One Bank, 2012 VT 83, 192 Vt. 383.

In April 2014, the arbitrator issued a partial, final arbitration award denying class certification. The award denied MB & Co.'s third amended class action demand based on various grounds. With the denial of class certification, there remained only a self-described "small claims action" by MB & Co. seeking $300 in compensatory damages. The parties agreed to resolve this dispute by submitting evidence and argument. MB & Co. moved to extend the first filing deadline, which was granted. The arbitrator made clear, however, that the case would be dismissed for failure to prosecute if MB & Co. failed to comply with the extended deadline. The company failed to comply with the new deadline, and in June 2015, the arbitrator dismissed the case for failure to prosecute.

Two months later, in August 2015, Mr. Bandler and MB & Co., acting through Mr. Bandler, filed a motion in the trial court to vacate the arbitration order and reopen the litigation. Defendant moved to confirm the arbitration award. It also moved to hold MB & Co. and/or Mr. Bandler in contempt. Defendant explained that the court had issued two orders stating that Mr. Bandler could not appear pro se on behalf of the company. It noted that MB & Co. was the only plaintiff that remained in the case, as Mr. Bandler's individual claims against defendant had been dismissed during arbitration. Mr. Bandler moved to either stay the case pending the conclusion of a different lawsuit or alternatively, to permit an extension of time to obtain counsel for the corporation. Mr. Bandler also filed an amended motion to vacate the arbitration order and/or resume the litigation, listing only himself as the movant. The motion alleged that plaintiffs were denied due process during the arbitration process because counsel, which had been engaged by the corporation to pursue class action claims in the arbitration, withdrew. See Bandler v. Cohen Rosenthal & Kramer, LLP, 2015 VT 115, ¶ 3, 200 Vt. 333 (recounting procedural history of MB & Co.'s hiring of law firm to represent it in connection with class-action arbitration). Additionally, Mr. Bandler asserted that "any claim that was pending" before the case was submitted to arbitration must now be decided by the trial court. Defendant objected to the motion, arguing that Mr. Bandler had no standing to appeal an arbitration award that pertained only to the corporation.

In January 2016, the trial court issued a ruling on all pending motions. It denied Mr. Bandler's request to stay the case pending the outcome of separate litigation. It granted Mr. Bandler's request, however, to stay the case for six weeks to allow MB & Co. to obtain legal representation. The court indicated that the only motion that remained pending was Mr. Bandler's amended motion to vacate the arbitrator's order of dismissal and/or resume the litigation. MB & Co. did not obtain counsel, and defendant renewed its motion for contempt. Defendant also filed a response to Mr. Bandler's amended motion to vacate. In a July 1, 2016 entry order, the court reminded MB & Co. that per its earlier entry order, the company needed to retain counsel in order to present oral argument on the motion to vacate. MB & Co. did not retain counsel.

Notwithstanding its earlier ruling, the court heard argument in mid-July 2016. In a lengthy order, the court denied the request to vacate the arbitration order and/or resume the litigation. The court found as an initial matter that Mr. Bandler lacked authority to file a motion on behalf of the corporation. Additionally, the court found the request untimely both as to Mr. Bandler, who was dismissed from the arbitration proceedings in a 2007 order, and as to the corporation which filed its request beyond the thirty-day deadline set forth in the Vermont Arbitration Act (VAA). Even if it had been timely as to the corporation, the court found the request without merit. Mr. Bandler moved for reconsideration on behalf of himself and the corporation. He asked the court to allow

2

him to represent the corporation or, alternatively, to allow an attorney to make a limited appearance on behalf of the company for the purpose of including the company in "the matters now pending" before the trial court.

The court rejected these arguments and denied the motion to reconsider. The court explained that its prior rulings made clear that Mr. Bandler was not authorized to appear pro se for MB & Co. in the trial court. In his October 2015 motion for a stay, Mr. Bandler recognized and acknowledged that he lacked such permission and in that motion he asked for a stay to retain such separate corporate counsel. The court conditionally granted that motion, giving Mr. Bandler until a certain date to obtain separate corporate counsel to present oral argument on the motion. Mr. Bandler was reminded of this obligation prior to the hearing. Nonetheless, Mr. Bandler declined to obtain such counsel or even to move before the hearing for an additional stay of oral argument to obtain such counsel or to present a motion to be allowed to appear pro se. The court exercised its discretion, moreover, to deny an oral motion by Mr. Bandler to appear pro se, raised for the first time at the July 13, 2016 oral argument session. The court further found that MB & Co. had been given a fair and ample opportunity to present its arguments on the recent motions. The court noted that it had specifically considered, analyzed, and rejected arguments that Mr. Bandler included in his pro se memoranda, which related to arguments belonging to MB & Co., not Mr. Bandler in his very limited personal capacity in this matter, as the underlying bank contracts were between MB & Co. and defendant.

Mr. Bandler now appeals pro se from the trial court's decision. MB & Co. is now represented by counsel, and counsel submitted a letter adopting Mr. Bandler's brief. Mr. Bandler appears to argue that he was not obligated to challenge his dismissal as a claimant in the arbitration in 2007, but could do so eight years later, after MB & Co.'s claim was resolved. Mr. Bandler also asserts that he should have been allowed to represent the corporation. Additionally, Mr. Bandler appears to contend that the arbitration order should have been vacated and the matter should be tried before a jury.

We consider only Mr. Bandler's assertion concerning his own standing and whether the court erred in denying his request to represent the corporation. We find resolution of these arguments dispositive.

As indicated above, Mr. Bandler was dismissed from the arbitration proceedings in December 2007. At that time, the arbitration proceedings were final as to him. If Mr. Bandler believed that he was dismissed in error, he could, and should, have appealed to the trial court at that time. See Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997) ("For an order to be final and appealable, it must end litigation on the merits or conclusively determine the rights of the parties, leaving nothing further for the court to do but execute the judgment."). In any event, Mr. Bandler is not challenging his dismissal from the arbitration proceedings. He is attempting to challenge matters that relate to the corporation. Mr. Bandler was informed multiple times that he cannot represent the corporation or advocate its claims in court.

Mr. Bandler fails to show that the court erred in refusing to allow him to represent the corporation. As set forth above, the trial court made clear to Mr. Bandler prior to arbitration that he could not represent the corporation. It twice denied Mr. Bandler's attempts to set aside this ruling. The trial court did not lack jurisdiction to make this ruling, as Mr. Bandler asserts. In fact,

3

the court was responding to Mr. Bandler's own motion to set aside the judgment and defendant's objection to Mr. Bandler making pro se filings on behalf of the corporation. The fact that Mr. Bandler might have been able to represent the corporation in arbitration has no bearing on his ability to represent the corporation in the trial court. This is equally true of defendant's alleged failure to "object" to Mr. Bandler's representation of MB & Co. in arbitration. It is irrelevant. We reject Mr. Bandler's assertions of issue preclusion based on the arbitration proceeding.

When Mr. Bandler returned to court following arbitration, he was obviously aware of the requirement that he obtain counsel to represent MB & Co. He expressly asked the court for an extension of time in which to secure counsel, which the court granted. The trial court reminded Mr. Bandler again of this obligation prior to the oral argument session. Mr. Bandler did not secure counsel prior to the hearing or prior to the court's decision. His assertion that he was under no obligation to do so is belied by the record.

Mr. Bandler also argues that the court should have considered his ability to represent the corporation under 11A V.S.A. § 3.02 rather than caselaw. According to Mr. Bandler, he was qualified to represent the corporation pursuant to that statute. First, the test for whether a nonattorney can represent a corporation is essentially the same under our case law and under the statute. Compare 11A V.S.A. § 3.02(1) ("A court or other adjudicative body shall permit a corporation to appear through a nonattorney representative if: (A) the proposed nonattorney representative is authorized to represent the corporation; (B) the proposed nonattorney representative demonstrates adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the court; and (C) the proposed nonattorney representative shares a common interest with the corporation.") with Vt. Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp., 159 Vt. 454, 458 (1992) ("[C]ourts have discretion to permit an organization to appear through a nonattorney representative where the proposed representative establishes that (1) the organization cannot afford to hire counsel, nor can it secure counsel on a pro bono basis, (2) the proposed lay representative is authorized to represent the organization, (3) the proposed lay representative demonstrates adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the court, and (4) the representative shares a common interest with the organization."). In this case, the trial court repeatedly found that Mr. Bandler cannot adequately represent the corporation and we do not reweigh the evidence on appeal. See Mullin v. Phelps, 162 Vt. 250, 260-61, 647 A.2d 714, 720 (1994) (role of Supreme Court in reviewing findings of fact is not to reweigh evidence or to make findings of credibility de novo); see also Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (explaining that arguments that amount to nothing more than a disagreement with court's reasoning and conclusion do not make out a case for an abuse of discretion). We note that Mr. Bandler has been barred, in other litigation arising from the arbitration, from representing the corporation under 11A V.S.A. § 3.02. See Bandler, 2015 VT 115, ¶ 14 (upholding trial court's ruling, reached without a hearing or further written argument, that Mr. Bandler could not represent his company in legal proceedings). We also note that the trial court determined that the corporation had in fact been given the opportunity to present its position on the motion before the court, and the court rejected its position on the merits. Finally, we point out that Mr. Bandler raised these arguments for the first time in his motion for reconsideration. Prior to the hearing, he acknowledged his obligation to obtain counsel for the corporation. He did not raise these arguments in a timely fashion, as the trial court noted in its ruling, and we do not consider them beyond the observations above. See Bull v. Pinkham Eng'g Assocs., Inc., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented

to the trial court are not preserved for appeal."). Mr. Bandler fails to show that the court erred or that he suffered any harm from the errors he alleges. We find no basis to disturb the court's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice