VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    24-AP-136



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

Victor Calderon\* v. Brown's Certified Welding et al.    }    APPEALED FROM:
        }
        }    Superior Court, Chittenden Unit,
        }    Civil Division
        }    CASE NO. 21-CV-03556
            Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff Victor Calderon appeals from a civil division order granting summary judgment to defendants Brown's Certified Welding, Inc., and Craig W. Brown d/b/a Brown's Rental Service.  We affirm.

In November 2021, through counsel, plaintiff filed negligence, product-liability, and breach-of-warranty claims against defendants.  His complaint included the following factual allegations.  In October 2018, plaintiff leased a manlift from defendants for use in a painting project.  Defendants failed to appropriately inspect, maintain, and repair the manlift.  The following month, plaintiff was standing on and using the manlift when it suddenly dropped, causing his body to strike portions of the platform's metal frame and injuring him.

After defendants filed an answer, the parties engaged in discovery.  They agreed to several extensions of the discovery schedule which were granted by the court.

On September 15, 2023, plaintiff's attorney filed a motion for leave to withdraw pursuant to Vermont Rule of Civil Procedure 79.1(f).  The motion was filed with a cover letter indicating that plaintiff's mailing address was 93 Lexington Road in Colchester, Vermont.  The court scheduled a hearing on the motion for November 13, 2023.

On October 11, defendants moved for a further extension of the discovery schedule, indicating that plaintiff's counsel assented to this request.  See V.R.C.P. 79.1(f) (providing that attorney who has entered appearance "shall remain as counsel until the attorney has been granted leave to withdraw by the court").  The proposed amended schedule was signed by counsel for plaintiff and defendants and provided that the deadline for plaintiff to disclose expert witnesses had passed on October 1, 2023.  The amended schedule was approved by the court on October 18, 2023.

At the November hearing, plaintiff stated that he did not want his attorney to withdraw, while the attorney indicated that he and his client had differing views of the case such that he was not clear how he could proceed. The court deferred its ruling on the motion to withdraw, affording plaintiff an additional thirty days "to try to work things out" with his attorney. At the end of this thirty-day period, plaintiff's attorney filed a letter indicating that these efforts had been unsuccessful.

The court granted plaintiff's counsel's motion for leave to withdraw on December 18, 2023. On the same date, it issued a notice to plaintiff indicating that within thirty days of receipt of the notice, plaintiff was to either have a new attorney enter an appearance on his behalf or complete and return the enclosed notice to appear self-represented. See V.R.C.P. 79.1(g) ("When an attorney has been granted leave to withdraw . . . the clerk shall notify the party forthwith by mail, of such withdrawal, and inform said party that unless the party enters a notice of appearance to be self-represented or appears by attorney within thirty days after receipt of such notification, the action will be dismissed or defaulted, as the case may be.").

On January 2, 2024, defendants filed a motion for summary judgment. They noted that each of plaintiff's claims arose from the general allegation that the manlift's sudden drop was caused by a malfunction, and that defendants should have been aware that it was not in a safe condition for plaintiff's use. Defendants argued that it was undisputed that the manlift was a complex piece of equipment involving multiple systems and, as a result, plaintiff would need to present expert testimony to establish that any alleged malfunction was the cause of the accident or whether defendants breached the standard of care. See, e.g., Coll v. Johnson, 161 Vt. 163, 165 (1993) (explaining that expert testimony may not be necessary where "the alleged violation of the standard of care is so apparent that it may be understood by a lay trier of fact without the aid of an expert" (quotation omitted)); Egbert v. Book Press, 144 Vt. 367, 369 (1984) ("When the facts to be proved are such that any layman of average intelligence would know from his own knowledge and experience that the accident was the cause of the injury, no expert testimony is needed to establish the causal connection; however, where the causal connection is obscure, expert testimony is required."). However, each of the experts plaintiff disclosed prior to the October 1, 2023 deadline were medical doctors expected to testify regarding his injuries and medical condition after the incident. Because plaintiff had not timely disclosed an expert who could opine regarding the standard of care applicable to the lessor of such equipment or that the manlift dropped due to a malfunction as opposed to some other cause—such as user error— defendants argued that plaintiff could not prevail on any of his claims and they were entitled to judgment as a matter of law.

Defendants filed a certificate of service indicating that they served plaintiff with the motion by mail sent to 19 Lexington Road in Colchester.

On January 3, the court issued a notice to plaintiff warning: "An opposing party in this case has filed a 'motion for summary judgment' against you. That means they are asking the judge to decide the case WITHOUT HAVING A TRIAL, based just on the papers they have filed." The notice explained that plaintiff had the right to file a written response, described the necessary supporting materials, and directed him to Vermont Rule of Civil Procedure 56 for more information.

On January 19, 2024, plaintiff filed a notice of self-representation. He listed his mailing address as 93 Lexington Road in Colchester and did not consent to service by email.

The court scheduled oral argument on the summary-judgment motion. Its order explained that "[t]his will be plaintiff's opportunity to explain his response to the motion." Plaintiff filed successive motions requesting to continue the anticipated trial dates to afford him more time to find a new attorney. Defendants opposed these motions. The court issued an order indicating that plaintiff's motions to continue would be discussed at the April hearing.

Prior to the hearing, plaintiff filed a motion requesting to participate by video. Therein, he noted that "the purpose of the April 9th hearing is to provide the plaintiff with an opportunity to address the outstanding Motion for Summary Judgment."

The court granted plaintiff's request to participate remotely. Both parties appeared at the April 9 hearing. At the outset of the proceeding, the court told plaintiff:

> The reason that I scheduled this was because I wanted to know if you understood what was happening here, and the nature of the motion that was filed and the fact that that will resolve the case against you, I didn't see that you had given us the required response. But when someone doesn't have a lawyer, I like to make sure they understand what's going on. So tell me your view of this at this point.

Plaintiff then began discussing his efforts to retain new counsel. The court asked, "[d]id you see the papers that [defense counsel] filed, the motion for summary judgment?" Plaintiff responded, "Yes, ma'am." The court inquired whether there was anything plaintiff wanted to say in response to the motion. He replied, "[t]here is clear proof that my injuries that have caused me to be considered disabled result from the accident. That the defendant is unable to provide maintenance and records for the lift, and inspection records from the company." He then immediately returned to discussing his efforts to retain counsel and his request that the court postpone the trial dates, explaining that he was presently unhoused and struggling with his mental and physical health. The court indicated that it understood his request, and asked, "[i]s there anything else that you think I need to know?" Plaintiff again indicated that he needed more time and an attorney. The court explained to plaintiff that it would take the matter under advisement and proceed in one of three ways: it would either grant plaintiff's request for more time; deny defendants' motion for summary judgment and then discuss calendaring trial dates; or grant summary judgment to defendants, which would conclude the case.

The court issued its order later the same day. It indicated that at the hearing, plaintiff sought more time to retain a new attorney and respond to defendants' motion in the future. The court explained that it was sympathetic to the personal issues plaintiff was experiencing, but "this case has been pending since 2021, and the time to respond to the motion has passed." Because plaintiff failed to file a response, the court deemed defendants' statement of facts admitted under the summary-judgment rule. It reasoned that expert testimony was necessary to establish what caused plaintiff's accident and who was responsible. Because plaintiff had disclosed no liability expert and the time to do so had expired, the court concluded that he could not prevail on any of his claims and granted summary judgment to defendants.

Plaintiff moved to reconsider, asserting—for the first time—that defendants failed to serve their summary-judgment motion on him. He noted that defendants' certificate of service indicated that the motion was mailed to 19 Lexington Road in Colchester, while his notice of

self-representation listed his address as 93 Lexington Road in Colchester.  As a result, he argued, the judgment was void for lack of due process.

The court declined to reconsider its decision, indicating that plaintiff had acknowledged at the April 9 hearing that he did receive the summary-judgment motion.  Moreover, it reasoned, the decision rested on the lack of expert testimony on liability, and plaintiff at no time suggested he had secured an expert to testify on this point.  Because the time for expert disclosure had run, the court explained, plaintiff could not in any event have filed a meritorious response to the motion.

Plaintiff is represented by counsel on appeal.  He again argues that he was not served with defendant's motion for summary judgment in contravention of his constitutional right to procedural due process and the judgment is therefore void.[*]  Alternatively, he contends that the court erred in denying his request for a continuance and granting defendants' summary-judgment motion.

We turn first to plaintiff's due-process argument.  We have recognized that a judgment is void " 'if the court that rendered it . . . acted in a manner inconsistent with due process of law.' " In re C.L.S., 2020 VT 1, ¶ 17, 211 Vt. 344 (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 (3d ed. 2019)).  " '[T]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.' "  In re K.G., 2023 VT 51, ¶ 43 (quoting Brock v. Roadway Express, 481 U.S. 252, 261 (1987)).  Thus, " '[d]ue process is flexible and calls for such procedural protections as the particular situation demands.' "  Bandler v. Cohen Rosenthal & Kramer, LLP, 2015 VT 115, ¶ 13, 200 Vt. 333 (quoting Mathews v. Eldridge, 424 U.S. 319, 321 (1976)).  In considering a party's argument that a judgment is void for deprivation of due process, we have therefore looked to the record to determine whether the party had a meaningful opportunity to be heard under the circumstances of the case.  See, e.g., In re K.G., 2023 VT 51, ¶¶ 43-44; Hill v. Springfield Hosp., 2023 VT 23, ¶ 19, 218 Vt. 64; Kneebinding, Inc. v. Howell, 2020 VT 99, ¶ 24, 213 Vt. 598; In re C.L.S., 2020 VT 1, ¶ 25.

Here, the record reflects that plaintiff was provided with a meaningful opportunity to be heard on defendants' summary-judgment motion notwithstanding any failure of proper service.  Immediately after defendants filed their motion, the court issued a notice advising plaintiff of his

---

[*]  In his brief, plaintiff observed that defendants moved for summary judgment during the thirty-day period the court afforded him to file a notice to appear self-represented or through new counsel "[d]espite the court's Order and Notice reflecting no action would be taken during this time" and that, after he filed his notice of self-representation indicating he did not consent to service by email, defendants nonetheless served their subsequent filings on him by email.  **AAB 7-8.**  Plaintiff did not argue in his brief, however, that either of these circumstances specifically resulted in prejudice or violated his due-process rights.  To the extent he sought to raise these contentions at oral argument, we decline to consider them because neither was sufficiently raised or adequately presented in his brief.  See V.R.A.P. 28(a)(4)(A) (explaining that principal brief must include argument containing "appellant's contentions and the reasons for them"); State v. Bergquist, 2019 VT 17, ¶ 64 n.13, 210 Vt. 102 ("We will not consider issues, even those of a constitutional nature, that are insufficiently raised and inadequately briefed."); State v. Sullivan, 2013 VT 71, ¶ 26 n.*, 194 Vt. 361 ("Although we retain the discretion to take up issues raised [for the first time] at oral argument, we usually do not, and we decline to do so here.")

right to respond and the potential implications of any failure to do so. It also scheduled oral argument on the motion and indicated that this was plaintiff's opportunity to explain his response to the motion. Plaintiff does not dispute that he received proper service of the court's orders. Indeed, just before the hearing, plaintiff filed a request to appear by video in which he expressly acknowledged the purpose of the hearing as framed by the court. Most significantly, contrary to plaintiff's suggestion, the court's inquiry at the outset of the hearing was unambiguous: it asked if plaintiff had seen the summary judgment motion, and he responded that he had. It is thus apparent that plaintiff had actual notice of defendants' motion. The court repeatedly solicited plaintiff's position on the motion, explaining that it wanted to ensure he understood what was happening given his self-represented status. However, plaintiff did not raise any objection regarding service. The record does not disclose a deprivation of due process that might render the summary-judgment order void. See In re C.L.S., 2020 VT 1, ¶ 25.

In the alternative, plaintiff contends that the court erred in denying his motion for a continuance and granting defendants' motion for summary judgment. His arguments on these points are intermingled and brief. Essentially, he contends that the court erred in denying his request for a continuance because he did not have notice of the summary-judgment motion, and the court therefore should have exercised its discretion to defer any ruling until plaintiff had an opportunity to demonstrate the existence of a factual dispute in the manner required by Rule 56(c)(2). We address each issue in turn.

Trial courts have "broad discretion to manage their dockets," Pcolar v. Casella Waste Sys., Inc., 2012 VT 58, ¶ 20, 192 Vt. 343, and the denial of a motion to continue will not be reversed absent "clear abuse" of that discretion, Off. of Child Support ex rel. Stanzione v. Stanzione, 2006 VT 98, ¶ 13, 180 Vt. 629 (mem.). Accordingly, plaintiff must show that in denying his request for a continuance the court either "totally withheld [its] discretion or exercised it on grounds clearly untenable." Id.

Plaintiff has not satisfied that high bar here. Though the court recognized that plaintiff was experiencing personal issues, it declined to grant a continuance because the deadline to respond to the motion had passed and the case had been pending since 2021. It did not exceed the scope of its discretion in denying plaintiff's motion on those grounds. To the extent plaintiff suggests the court erred in declining to grant a continuance because he did not have proper notice of defendants' summary-judgment motion, as discussed above, plaintiff did not assert any lack of notice until after the court issued its judgment. Instead, he explicitly acknowledged to the court that he had seen the motion for summary judgment. He therefore failed to preserve this argument for our review on appeal. See State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994) ("To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it.").

We review a grant of summary judgment without deference, applying the same analysis as the trial court. Tillson v. Lane, 2015 VT 121, ¶ 7, 200 Vt. 534. Thereunder, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). "Summary judgment is mandated . . . where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he has the burden of proof at trial." Poplaski v. Lamphere, 152 Vt. 251, 254-55 (1989) (quotation omitted).

Plaintiff does not challenge the legal conclusions drawn by the court in ruling on the summary-judgment motion. Instead, he notes that under Rule 56(e), where a party "fails to properly address another party's assertion of fact as required by Rule 56(c)" the court has discretion to afford the party "an opportunity to properly support or address the fact." V.R.C.P. 56(e)(1). However, Rule 56(e) also gives the court an option to "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." V.R.C.P. 56(e)(2), (3). Plaintiff therefore has not shown that the court erred in doing so here. See Bloomer v. Gibson, 2006 VT 104, ¶ 14, 180 Vt. 397 (explaining that trial court "does not abuse its discretion where it enforces the rules of civil procedure equitably, even against a pro se litigant"). To the extent he contends that the court should have chosen to proceed differently given the alleged lack of notice, he likewise failed to preserve this issue for our review because he did not raise it below. See Ben-Mont Corp., 163 Vt. at 61.

Plaintiff has not shown that the judgment was void for lack of due process or that the court erred in denying his request for a continuance and entering summary judgment for defendants.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice