Vermont Agency of Natural Resources v. Upper Valley
Regional Landfill Corporation,
Frank L. Barker, Jr. and Robert MacNeil
TRASH, Intervenor

[621 A.2d 225]

No. 92-121

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed December 31, 1992

*Joseph T. Bivins*, Thetford Center, for Intervenor.

*Edward V. Schwiebert* and *Donna L. Duffy* of *Abell, Kenlan, Schwiebert & Hall, P.C.*, Rutland, for Defendants-Appellees.

**Gibson, J.** Intervenor Thetford Residents Against Statewide Hauling (TRASH), a citizen environmental group, appeals from an order of the environmental law division granting defendants' motion to require TRASH to be represented by an attorney in an action filed by the Vermont Agency of Natural Resources (ANR) against Upper Valley Regional Landfill Corporation (UVRL). We reverse.

The underlying action involves closure of a landfill. TRASH sought and was granted intervenor party status before the environmental law division pursuant to 10 V.S.A. § 8012(d). Joseph Bivins, a member of TRASH, appeared as TRASH's representative. Defendant UVRL then filed motions to reconsider TRASH's party status and to require TRASH to be represented by an attorney. The court denied defendant's motion to reconsider but ruled that TRASH must appear through counsel. TRASH moved for reconsideration of the counsel requirement and, in the alternative, moved for permission to appeal the collateral final order pursuant to V.R.A.P. 5.1. The motion for reconsideration was denied, but the court granted intervenor permission to appeal the order that it appear through counsel.

In *LaBrie, Inc. v. Vermont Dep't of Envtl. Conservation*, 157 Vt. 642, 643, 596 A.2d 354, 354 (1991), we recognized the general rule that a corporation must appear through counsel. Because the record in that case did not support the plaintiff's claim that the corporation could not afford counsel, we did not decide whether the counsel requirement would offend Chapter I, Article 4 of the Vermont Constitution under such circumstances. In this appeal, we consider whether an unincorporated organization must appear through counsel where this requirement would preclude the organization's appearance.

The primary purpose of the "lawyer-representation rule" is the protection of the public, not the creation of any

private advantage for attorneys. *Margaret Maunder Assocs. v. A-Copy, Inc.*, 499 A.2d 1172, 1174 (Conn. Super. Ct. 1985). Courts have generally refused to permit nonattorneys to represent organizations because they do not have the ethical responsibilities of attorneys and are not subject to the disciplinary control of the courts. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). The lawyer-representation rule also ensures that the courts have control over the management and administration of cases. *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 20 (S.D.N.Y. 1974). As the court noted in *Jones*, "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative." 722 F.2d at 22. Courts have also refused to allow representation by nonlawyers who did not have the legal ability to present their case. See, e.g., *id.* at 23 (court refused to allow sole stockholder and chief executive officer to represent corporation because he did not possess legal knowledge and skills necessary to present his case); *Mercu-Ray Indus.*, 392 F. Supp. at 20 (court refused to allow sole shareholder to represent corporation absent showing that he had skill and expertise to prepare and present multi-billion-dollar antitrust suit).

Nevertheless, some courts have made narrow exceptions to the lawyer-representation rule where appearance by a lay representative would not unduly impede the court in the administration of justice. See, e.g., *Willheim v. Murchison*, 206 F. Supp. 733, 736 (S.D.N.Y. 1962) (nonlawyer allowed to bring action for benefit of corporation in stockholder's derivative suit, while also acting pro se); *Brooks v. Small Claims Court*, 504 P.2d 1249, 1254, 105 Cal. Rptr. 785, 790 (1973) (noting that corporation may appear in small claims court through nonattorney); *State ex rel. Falkner v. Blanton*, 297 So. 2d 825, 825 (Fla. 1974) (sole interested party may probate estate without counsel); *In re Ellis*, 487 P.2d 286, 291 (Haw. 1971) (nonattorney trustee may represent stockholders of corporation in dissolution case where corporate funds are limited); *Phoenix Mut. Life Ins. Co. v. Radcliffe on the Delaware, Inc.*, 266 A.2d 698, 702

(Pa. 1970) (nonattorney stockholder may defend corporation in mortgage foreclosure action where other stockholders gave authorization and were present at trial).

In *In re Holliday's Tax Servs., Inc.*, 417 F. Supp. 182 (E.D.N.Y. 1976), the court allowed the sole shareholder of a corporation to represent the corporation in a bankruptcy action. The court reasoned that although corporations must generally be represented by attorneys, a person's day in court is more important than the convenience of the court. *Id.* at 183. Moreover, it found that "[t]o require this corporation to appear by a lawyer is effectively to exclude it and its sole shareholder from the courts." *Id.* The court concluded that the traditional rule was unnecessarily harsh when applied to a small, closely held corporation in a bankruptcy proceeding. *Id.* at 184.

Similarly, in *Maunder*, the court allowed the president and sole stockholder to represent a corporation in a small claims action. *Maunder*, 499 A.2d at 1174. The court concluded that such representation would not constitute the practice of law because the lay person would not be acting on behalf of another. "[I]n a true sense, . . . although she is acting for a separate legal entity, she is the sole owner and stockholder of that entity. In effect, she is acting for herself . . . ." *Id.* Because Maunder was not attempting to practice law and presented no threat to the public well-being, she was permitted to represent her corporation. *Id.*

Courts that have made exceptions to the lawyer-representation rule have generally relied on the rationale that where imposition of the rule conflicts with its purposes, lay representation should be permitted. In *A. Victor & Co. v. Sleininger*, 9 N.Y.S.2d 323, 326 (App. Div. 1939), the court noted that the lawyer-representation rule serves to protect the public from unscrupulous or inexperienced representatives. Nevertheless, the court concluded that where a corporation cannot afford counsel or cannot find an attorney to represent it, the corporation should not be denied its day in court. *Id.* Similarly, in *Maunder*, the court noted that, although the purpose of the lawyer-representation rule is to protect the public, Maunder was an effective advocate and speaker, the sole stockholder of the corporation, and was not giving legal advice to "another"; the court concluded that she posed no threat to the public well-being by representing her corporation. 499 A.2d at 1173–74.

■ We agree with those courts that have permitted nonattorney representation in exceptional circumstances, where the interests of the organization are protected because the nonattorney has a common interest with the organization and the proposed lay representative demonstrates adequate legal skills so as not to burden the opposing party or the administration of the courts. Although the lawyer-representation rule serves important public interests, it should not be rigidly enforced in cases where those interests are not threatened and enforcement would preclude appearance by the organization.

■ We hold, therefore, that courts have discretion to permit an organization to appear through a nonattorney representative where the proposed representative establishes that (1) the organization cannot afford to hire counsel, nor can it secure counsel on a pro bono basis, (2) the proposed lay representative is authorized to represent the organization, (3) the proposed lay representative demonstrates adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the court, and (4) the representative shares a common interest with the organization.

In the present case, the record discloses that Bivins has satisfied all of the elements except for providing evidence of authorization from TRASH to act as its representative. He has demonstrated that TRASH cannot afford counsel and that it has made a good faith effort to obtain counsel on a pro bono basis. His conduct appears to present no unusual burdens on the opposing parties or the court, and his excellent brief demonstrates that he possesses a substantial understanding of pleading rules and court procedure. Finally, Bivins shares a common interest with TRASH as a member of the organization, and there is no evidence that he has otherwise engaged in the practice of law or that he intends to do so in the future.

■ Upon Bivins providing proof to the trial court that he has proper authorization to represent and bind the organization, he shall be allowed to represent TRASH in this action.

*Reversed and remanded.*