Environmental Court of Vermont
State of Vermont

================================================================
E N T R Y   R E G A R D I N G   M O T I O N
================================================================

In re: Ashline Site Plan Application,        Docket No. 242-12-09 Vtec
Project:      Ashline Site Plan
Applicant:
        (Appeal from Swanton Planning Commission site plan determination.)

Title: Motion to Determine Party Status, No. 1

Filed:        January 15, 2010

Filed By: Michael S. Gawne, Attorney for Appellant Paul Ashline

Response:  None.

Reply memorandum, in support of motion, filed by Attorney Gawne on Feb. 24, 2010


_X_ Granted              ___ Denied                ___ Other

     By the pending motion, Appellant/Applicant Paul Ashline seeks a court determination of who is entitled to party status in this de novo appeal from a decision by the Town of Swanton Planning Commission concerning a site plan application regarding Mr. Ashline's business, known as Hometown Sunoco and located at 166 First Street in Swanton.

     We first note that not all individuals Appellant has identified have filed as parties in this appeal.  We limit our analysis to only those parties who have asserted that they are entitled to status in this appeal, since to go beyond this limited scope and opine as to the status of parties not before us would be an improper advisory opinion.  In re 232511 Investments, Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409, 417.

     Appellant contends that John Flood and Philip Ste. Marie do not live in or own property within the immediate neighborhood of his business.  While both gentlemen have entered their appearance in this proceeding and have been served with Appellant's pending motion, neither has filed a response.  We are therefore left with only Appellant's factual assertions.  If true, neither Messrs. Flood nor Ste. Marie meets the minimum statutory standard for interested person status.  See 24 V.S.A. § 4465(b).  Since we have no other factual representations before us, we cannot impute interested person status where none has been represented.  We therefore conclude that John Flood and Philip Ste. Marie do not qualify as interested persons and are therefore not entitled to party status in these proceedings.  See V.R.E.C.P. 5(d)(2).

     There seems to be some confusion as to whether Shawn Bartlett has requested party status in these proceedings for himself individually, or for his employer, Jolley Associates.  Mr. Bartlett signed and filed a pro se appearance form in his individual name, yet his cover letter to the Court (dated Jan 18, 2010 and filed Jan. 25, 2010) references that "we have a continuing interest in the Site Plan Approval Request of Hometown Sunoco (Paul Ashline) docket #242-122-09 Vtec."  When this letter was received, the Court

concluded that Mr. Bartlett sought to enter an appearance on behalf of his employer, Jolley Associates.

As an abutting business, Appellant Ashline does not dispute that Jolley Associates is entitled to interested person status in these proceedings. Appellant disputes, however, that Mr. Bartlett, a non-attorney, is qualified to enter an appearance on behalf of Jolley.

With limited exceptions not applicable to these proceedings (since Mr. Bartlett and Jolley have thus far failed to make adequate factual representations), one who wishes to have another appear and represent its interests in a court action must retain an attorney, licensed to practice law before our courts. See Vermont Agency of Natural Resources v. Upper Valley Regional Landfill Organization, 159 Vt. 454, 458 (1992)(an appeal from the predecessor to this Court, wherein the Supreme Court noted that, absent a showing of exceptional circumstances, a corporation or unincorporated organization that wishes to participate in litigation must do so through licensed legal counsel.).

Thus, if Jolley Associates wishes to continue to participate in these proceedings, we direct that within the next thirty days, it either cause a Vermont licensed attorney to enter an appearance on its behalf, or have Mr. Bartlett submit a detailed affidavit, with copies to all parties of record, evidencing how he and Jolley have satisfied the four requirements that would allow Mr. Bartlett to engage in the exceptional act of representing Jolley, even though he is not a Vermont licensed attorney. ANR v. Upper Valley, 159 Vt. at 458. Failure to make an adequate filing within the next thirty days may result in the Court dismissing Jolley Associates as a party to these proceedings.

We do not interpret Mr. Bartlett's filings to represent an intention to appear in his individual capacity in this appeal. We note, however, that he completed and filed a pro se appearance form that, by its plain language, represents that Mr. Bartlett does wish to individually appear here. Given Appellant's representation as to Mr. Bartlett personally (doesn't live in or own property in the immediate neighborhood), and the lack of response from Mr. Bartlett, we conclude that, to the extent Mr. Bartlett was asserting his individual appearance, he has failed to fulfill the minimum requirements for interested person status under 24 V.S.A. § 4465(b). We therefore dismiss him as an individual party in these proceedings.

_____          __March 4, 2010.__
         Thomas S. Durkin, Judge                          Date

=========================================================================
Date copies sent to: _____          Clerk's Initials _____
Copies sent to:
    Michael S. Gawne, Attorney for Appellant Paul Ashline
    Interested Person John Flood
    Interested Person Philip Ste. Marie
    Interested Person Jolley Associates, c/o Shawn Bartlett
    Brian Monaghan, Attorney for Appellee Town of Swanton