VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 22-ENV-00092



| | |
|---|---|
| **Wheeler Parcel Act 250 Determination** | **DECISION ON MOTIONS** |

This action is an appeal of an Act 250 permit approval issued by the District 4 Environmental Commission (District Commission) to Blackrock Construction, LLC (Blackrock) for the development of a 32-unit residential project at the intersection of Dorset Street and Park Road in South Burlington, Vermont (the Project).  Inverness Homeowners' Association, Glen Eagles Homeowners' Association, Villas at Water Town Hill Homeowners' Association, Neighbor's Committee to Stop Neighborhood Blasting, and James Leas (together, Appellants) have appealed the District Commission's decision to this Court.[1]

Presently before the Court is Appellants' Inverness Homeowners' Association, Glen Eagles Homeowners' Association, Villas at Water Town Hill Homeowners' Association, and Neighbor's Committee to Stop Neighborhood Blasting motions for non-attorney representation in this matter.  Second, Appellants move to strike portions of Blackrock's filings related to its motion for a protective order and a letter not before the Court.[2]  We address each motion in turn.

**Discussion**

**I.      Motions for Non-Attorney Representation**

On August 7, 2023, this Court held a status conference on this appeal.  During this conference, the Court addressed the fact that the three homeowners associations and one neighborhood organization presently had non-lawyer spokespersons.  Because these parties had not received permission from the Court to be represented by non-lawyers, the Court directed the parties that

---

[1] Appellants also appealed a decision on their motion to alter the Act 250 decision to this Court.

[2] The Court held a motion hearing on the underlying motion for protective order on October 12, 2023. The Court **GRANTED** the motion on the record at this hearing.

they needed to obtain permission to be so represented, or needed to retain an attorney. In a September 7, 2023 Entry Order, this Court remined the organizational parties of their obligation to file such a motion by October 8, 2023 and set forth the elements that the non-attorney representative needed to establish to be authorized to represent their respective organizations. See In re Wheeler Parcel Act 250, No. 22-ENV-00092 (Vt. Super. Ct. Envtl. Div. Sept. 7, 2023) (Walsh). Each organization filed their respective motions on October 3, 2023.

A proposed non-attorney representative must establish that:

> (1) the organization cannot afford to hire counsel, nor can it secure counsel on a pro bono basis, (2) the proposed lay representative is authorized to represent the organization, (3) the proposed lay representative demonstrates adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the court, and (4) the representative shares a common interest in the organization.

Vt. Agency of Nat. Res. v. Upper Valley Regional Landfill Corp., 159 Vt. 454, 458 (1992).

Jeanne Zagursky seeks to represent Neighbors Committee to Stop Neighborhood Blasting. Amy Caldwell seeks to represent Gleneagles Homeowners Association. Gene Cloutier and Susan Wagenhofer seek to represent Inverness Homeowners Association. Alan Luzzato seeks to represent the Villas at Water Tower Hill Homeowners Association.

At this Court's October 12, 2023 hearing, after considering each motion for non-lawyer representation, this Court asked the proposed representatives questions regarding their motions. Mr. Cloutier and Ms. Caldwell were absent at the hearing.

In response to the Court's questions, Ms. Zagursky informed the Court of her experience with the law as a legal assistant and paralegal. In these roles, she participated in the discovery process, as well as motion practice in litigation. In her motion, she established that she was authorized to represent the organization and she shared a common interest with the organization. No party specifically objected to her representing her organization. We conclude that Ms. Zagursky satisfies the relevant standards for non-attorney representation. Her motion to represent Neighbors Committee to Stop Neighborhood Blasting is **GRANTED**.

Mr. Luzzato, in addition to his motion, demonstrated sufficient knowledge of Act 250 to represent the Villas at Water Tower Hill Homeowners Association. His motion further

established that he was authorized to represent the association and shared common interest therewith. No party specifically objected to his representing his organization. We conclude that Mr. Luzzato satisfies the relevant standards for non-attorney representation. His motion to represent the association is **GRANTED**.

Mr. Cloutier and Ms. Caldwell failed to attend the Court's motion hearing. The Court considers their motion absent context of the hearing. In so doing, we note both individual failed to attend the hearing is itself which is indicative of a failure to adequately represent their respective organization. Further, their motions fail to establish how they have sufficient legal knowledge or experience that would entitle them to represent their organizations. Both Mr. Cloutier's and Ms. Caldwell's motions are **DENIED**.

Finally, Ms. Wagenhofer moved to represent Inverness Homeowners' Association as an alternative to Mr. Cloutier. Ms. Wagenhofer's professional background is as a school teacher. During the hearing, Ms. Wagenhofer expressed that she has no legal experience or specific legal knowledge. We conclude that Ms.Wagenhofer has failed to demonstrate that she can adequately represent her association in this matter. Ms. Wagenhofer's motion is **DENIED**.

Having failed to show that they are entitled to non-attorney representation, Appellants Inverness Homeowners' Association and Glen Eagles Homeowners' Association motions for non-attorney representation are **DENIED**. Should these parties seek to continue in the pending appeal, they must retain an attorney and said attorney must file a notice of appearance on or before October 31, 2023.[3]

**II.    Motion to Strike**

Pursuant to V.R.C.P. 12(f):

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 21 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

V.R.C.P. 12(f).

---

[3] We note that nothing in this decision revokes these association's party status to appear in this matter. It only effects their ability to appear without counsel.

Appellants move to strike portions of Blackrock's Reply in Support of its Motion for Protective Order where Blackrock's attorney challenges the veracity of Appellants' statement that the Project would involve "building a development in an nature park . . . ." See Appellants' Response to Protective Order, at 1. Appellants contend that these statements are factually accurate.[4] The parties dispute this issue. We decline to strike portions of a filing highlighting a dispute between the parties. To the extent that Appellants argue that the phraseology is scandalous requiring the portions be stricken, we disagree. This is a dispute between parties. Disagreement between the parties on potential issues before the Corut is not grounds to strike portions of the briefing. Therefore, we **DENY** the motion to strike portions of Blackrock's Reply in Support of its Motion for Protective Order.

Next, Appellants move to strike a letter sent from Blackrock to Appellants arguing that Appellants needed to withdraw their Response to the Motion for Protective Order because Blackrock alleged it contained misrepresentations. The Court is confused by Appellants' motion in this regard. The at-issue letter was a private letter between the parties and not a part of this Court's record when sent. Appellants then filed the letter as an exhibit to their motion. The letter was not a part of the record until Appellants made it a part of the record and, therefore, there is no need for the Court to consider its contents in the context of a motion to strike. Thus, to the extent that Appellants' move to strike their own exhibit, the motion is **DENIED**.[5]

### Conclusion

For the foregoing reasons, the Court **DENIES** Inverness Homeowners' Association and Glen Eagles Homeowners' Association motions for non-attorney representation. These parties have until October 31, 2023 to retain counsel in this matter in order to sustain their appeal. The Court **GRANTS** the Villas at Water Town Hill Homeowners' Association and Neighbor's Committee to Stop Neighborhood Blasting's motion for non-attorney representation. Further, we **DENY** Appellants' motion to strike portions of Blackrock's briefing in support of its motion for protective

---

[4] To the extent that Appellants argue that they did not, in fact, write these statements, the Court has reviewed the filings in this regard and the language that Blackrock directly quotes is correct.

[5] To the extent that Appellants assert that the letter is a "motion" akin to an anti-SLAP motion as defined by 12 V.S.A. § 1041, this argument is without merit. The letter was not a motion, it was a private letter between the parties. While the letter contemplates further motion practice before this Court, it was not filed in this Court, nor did it request this Court to issue any judgment thereon.

4

order and a letter sent from Blackrock to Appellants that was, until Appellants filed their motion, not a part of the record before the Court.

Electronically signed October 13, 2023, 2023 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division