VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00020

| Radicioni Denial |
|---|

### ENTRY REGARDING MOTION

Title:      Motion to Dismiss (Motion: 3)
Filer:      K. Heather Devine, Esq.
Filed Date: March 6, 2024

No response filed.

**The motion is DENIED**.

This is an appeal of a decision of the Town of Sharon Development Review Board (DRB) dated February 19, 2023 denying an application to extend a conditional use permit to rebuild a pole barn at 2911 VT Route 14, Sharon, Vermont (the Property) owned by Down River Investments, LLC (Down River), submitted to member Walter Radicioni (Mr. Radicioni).

Trial in this case is set for May 1 and 2, 2024. Presently before the Court is the Town's third motion to dismiss. While the motion is one for dismissal, that request appears contingent upon Mr. Radicioni failing to take actions the Town argues are required in this case. First, it, the Town requests that Mr. Radicioni substitute himself with Down River, the Property owner, as the primary party in the case. Second, the Town requests that Mr. Radicioni reinstate Down River as a LLC with the Vermont Secretary of State and provide evidence that it is in good stating with the state upon reinstatement. Finally, the Town argues that Down River must retain counsel in this appeal. Should none of those things happen before trial, the Town requests dismissal.[1] The Court interprets the motion as effectively

---

[1] We note that the Town's motion, filed on March 6, 2024, requested that the Court require Mr. Radicioni to complete these tasks at least 30 days prior to trial on May 1, 2024, or by April 1, 2024. Pursuant to the Vermont Rules of Civil Procedure, however, Mr. Radicioni's response to the Town's motion would not have been due until

ordering that these things be done prior to trial and, if not, requesting dismissal. For the reasons set forth below, the Court concludes they are unnecessary at this time.

All parties are aware that Down River owns the Property. The underlying DRB decision notes that the company is the owner of the Property, as does the initial Statement of Questions filed with the Court on May 23, 2023 and the Court's two prior Entry Orders ruling upon prior motions in this case. No party disputes that Mr. Radicioni is a member of the company. While the capacity in which Mr. Radicioni appealed the DRB decision is unclear, given that Down River is the owner of the Property and Mr. Radicioni has submitted numerous filings with direct reference to his appearance on behalf of Down River, it is apparent upon review that the appeal was intended to be on behalf of the company. See Amended Statement of Question # 3 on Appeal (filed on September 26, 2023) ("NOW COMES Walter Radicioni Jr. in his capacity as the sole member of Down River Investments, LLC . . . ."); Unavailable Dates Filed (filed on January 5, 2024) (signed "Walter Radicioni Down[ R]iver Investment); see also Discovery Certificate (filed on January 26, 202[4]) (signed "Walter A. Radicioni, Jr. Duly Authorized Member for Down River Investments, LLC"); see also V.R.E.C.P. 5(b)(3) ("An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."). Thus, Down River is the proper appealing party and there is no reason to substitute the parties or dismiss Mr. Radicioni as a party given the facts and procedure before the Court thus far demonstrate that he was appealing and appearing on behalf of Down River. The Court will reconfirm this on the record at our upcoming merits trial.[2]

Having reached this conclusion, we turn to the Town's argument that Down River must retain counsel prior to trial. Courts have discretion to grant a motion for a corporation to be represented by nonlawyers before the Court. Vt. Agency of Nat. Res. v. Upper Valley

---

April 5, 2024. Thus, April 8, 2024, the following Monday, was also the earliest date that the Court could have taken this motion under advisement when no response was filed. Presently, trial is in two weeks. Thus, we decline to address the Town's request in this regard.

[2] The Town argues that the LLC must be reinstated with the Vermont Secretary of State to move forward with this action. We note that we have no evidence as to the current status of the LLC as of the date of this Entry Order. Further, the Town offers no legal basis for the Court to order the LLC to be reinstated in this matter. We decline to require reinstatement at this time.

<u>Regional Landfill Corp.</u>, 159 Vt. 454, 458 (1992).  The Court may do so when a proposed non-attorney representative to establish that:

> (1) the organization cannot afford to hire counsel, nor can it secure counsel on a pro bono basis, (2) the proposed lay representative is authorized to represent the organization, (3) the proposed lay representative demonstrates adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the court, and (4) the representative shares a common interest in the organization.

<u>Id</u>.

The Court has not received such a motion establishing these factors.  Similarly, to date, the Court has received no objection to Mr. Radicioni's representation status.  We decline to preemptively require Mr. Radicioni to retain counsel in this case prior to a decision on any relevant motion and two weeks before the long-set merits trial.  Should Mr. Radicioni seek to continue to represent Down River, however, he must move for approval demonstrating these factors either by written motion prior to trial or verbal motion at trial, at which point the Court can address the motion on the record.

Electronically signed this 18th day April 2024 pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division