Filed 04/09/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT  05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00110

---

**Memphremagog Rentals v. Harmony Turnbaugh**

---

## ENTRY REGARDING MOTION

Title:  Motion to Dismiss  (Motion: 3)
Filer:  Harmony Turnbaugh
Filed Date:  March 12, 2024

The motion is DENIED.

Defendant Turnbaugh seeks to have the ejectment action pending against her dismissed on two bases.  First, she contends that Doug Spates, as a non-attorney cannot represent an LLC.  Second, she states that she did not receive the notice to terminate the tenancy served pursuant to 9 V.S.A. § 4467 on Turnbaugh's mother and former co-tenant Eleanor Massey.

As to the first argument, while non-attorneys are generally not allowed to represent LLCs, owners, under particular circumstances can when there is a showing that the individual has the authority to represent the LLC, has the competency to represent the organization, and shares a common interest.  *Vermont Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp*, 159 Vt. 454, 458 (1992).  There is also an element of financial hardship that the Court has generally applied in a looser manner if the other three elements are reasonably met.  In this respect, Mr. Spates has represented his company, Memphremagog Rentals, LLC in numerous hearings and ejectment proceedings.  The Court finds no basis at this moment to revisit the permission it has previously given him to perform that function.  For these reasons, the Court denies Defendant's motion to dismiss on the issue of representation.

As to the issue of notice and whether Defendant Turnbaugh received actual notice of the termination of tenancy, this appears to be a disputed factual issue that is best resolved at trial.  There are several unanswered factual questions including when Ms. Massey left the dwelling unit.  Whether Ms. Massey received the notice to terminate the tenancy in the dwelling unit.  Whether Elia Spates'

testimony is consistent with a finding of actual notice, or whether the Spates had any reason to understand that the notice of termination had not been delivered. While the Court cannot determine these factual disputes on a motion to dismiss, these issues remain alive and may be raised at the merits hearing in this matter.

## ORDER

Based on the foregoing, Defendant Turnbaugh's motion to dismiss is **Denied.** The Court shall set this matter for a status conference to address Defendant's request for mediation.

Electronically signed pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

April 8, 2024