Vermont Superior Court
Filed 03/30/23



| VERMONT SUPERIOR | | CIVIL DIVISION |
| --- | --- | --- |
| Washington Unit | | Case No. 20-1-20 Wncv |
| 65 State Street | | |
| Montpelier VT 05602 | | |
| 802-828-2091 | | |
| www.vermontjudiciary.org | | |

Brian Butler vs. Judy Henkin

## Opinion and Order on the State's Motion to Dismiss

Petitioner Brian Butler, a Vermont prisoner residing in a privately operated out-of-state facility, seeks Rule 75 (mandamus) review of how statutory "inmate recreation" funds are being spent in his facility.[1] He asserts that they are going to purposes not permitted by 28 V.S.A. § 816 and inconsistent with DOC policies.[2] *See* DOC Policies 308, 308.01, and 308.02.

Following the filing of Mr. Butler's complaint, 35 *pro-se* prisoners (Intervenors) individually filed nearly identical motions asking to "join" this lawsuit as plaintiffs pursuant to Rule 20 (permissive joinder) and to certify the case as a class action under Rule 23. None of these motions included a proposed pleading or proffered any reason that intervention would achieve anything other than delay and prejudice to the original parties. Surprisingly, however, neither the State nor Mr.

---

[1] Mr. Butler clarifies in his dismissal briefing that the asserted basis for Rule 75 relief is mandamus. The Court thus disregards the State's arguments as to prohibition and *certiorari*.

[2] The alleged violations of § 816 are not pleaded with any specificity; it is unclear what the purported violations actually are. Mr. Butler filed his complaint pro se. Now represented, his counsel has not amended the complaint to clarify it. Nor has the State sought any more definite statement.

Butler objected to these motions, though they did not indicate their assent either. In a series of entries, the Court granted, in part, and denied, in part, each motion as follows: "The motions to join as parties are granted, and [specific intervenors] are hereby joined as plaintiffs. The motions for class-action certification are denied without prejudice." Mr. Butler, represented by counsel, has never sought class certification.

The State then filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. It argues that, as to the Intervenors (not Mr. Butler), none has made any allegation to the effect that they exhausted their administrative remedies. As to all parties, the State argues that mandamus review is unavailable in this case because Mr. Butler has not *alleged* that 28 V.S.A. § 816 applies to the out-of-state facility and, in any event, the DOC has discretion under § 816 as to how inmate recreation funds are spent.

I       Intervenors[3] and Exhaustion

A party must exhaust all available administrative remedies before seeking relief in court. *Pratt v. Pallito*, 2017 VT 22, ¶ 12, 204 Vt. 313, 317 ("The exhaustion requirement bars a party from filing a case in the trial court before complying with all available administrative procedures."). Unlike Mr. Butler, none of the

---

[3] The Court questions whether the Intervenors appropriately sought joinder under Rule 20, as opposed to intervention under Rule 24. *See* 7C Wright & Miller, *Fed. Prac. & Proc.: Civil* 3d § 1901 (intervention is the "procedure by which an outsider with an interest in a lawsuit may come in as a party though the outsider has not been named as a party by the existing litigants"). Given the Court's ruling as to exhaustion, however, it need not resolve that procedural question.

Intervenors allege that they exhausted their administrative remedies. The State seeks dismissal as to them on this basis.

Some (25) of the 35 Intervenors have opposed dismissal.[4] The opposition filings take two forms, both generally asserting that "joinder" is appropriate. To the extent that any address exhaustion, the only discernible argument appears to be that they should be able to "borrow" Mr. Butler's exhaustion for purposes of their own claims. None otherwise asserts that he exhausted administrative remedies.

Intervenors' argument is based on the approach, followed by some courts, that would permit a party who did not exhaust to participate as a member of a certified class so long as one member did (the "vicarious exhaustion doctrine"). *See, e.g., Mullinnex v. Menard*, 2020 VT 23, ¶¶ 7, 10, 212 Vt. 432, 437–39.

There is no need to ponder the vicarious exhaustion doctrine in this case because Intervenors' requests to certify this case as a class action have been denied. Further, all Intervenors all are *pro se*. They have no lawyer to provide legal representation to the class. *See* Fed. R. Civ. P. 23(c)(1)(B), (g) (expressly requiring the appointment of "class counsel"). While that requirement is not express in the corresponding Vermont rule, Vt. R. Civ. P. 23, the underlying principle is the same: a non-attorney generally may not represent other persons in court litigation. *See Vermont Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp.*, 159 Vt. 454, 455–

---

[4] Intervenors' opposition filings all were filed, evidently in a single batch, on September 19, 2022.

56 (1992). While Mr. Butler is represented, he did not request class certification, and his counsel does not represent Intervenors.

The State has sought to dismiss all Intervenors for lack of exhaustion and, in response, none has indicated, much less attempted to show, that he exhausted administrative remedies. The State's motion to dismiss is granted as to all Intervenors is granted on this basis.

II.     Mandamus

The State argues that there can be no viable mandamus claim in this case because Mr. Butler has not *alleged* that 28 V.S.A. § 816 applies to his out-of-state facility; and, in any event, he could have no clear and certain right to relief because § 816 broadly delegates discretion over inmate recreation funds to the DOC. While the State characterizes this dismissal argument as one of subject-matter jurisdiction, might be better characterized as asserting a failure to state a claim under Rule 12(b)(6) insofar as the State is arguing a deficiency in the asserted cause of action rather than that the Court lacks the power to act on the type of claim presented in this case. Either way, the Court concludes that the argument fails in this instance.

The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's

4

factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309, 316–17 (citations omitted).

The State's contention that the complaint is deficient because Mr. Butler failed to allege that § 816 applies to the out-of-state facility is meritless for at least two obvious reasons. First, he did make that allegation. *See* Complaint at 2 (referring to the relevant statute and policies and stating, "This applies to Inmates who are out of state as Well as Those who are in State."). Second, even if did not state that explicitly, it is manifestly implicit.

Otherwise, the Court is satisfied that Mr. Butler's claim is sufficiently alleged to survive Vermont's liberal Rule 12(b)(6) standard. "A court can issue a writ of mandamus . . . only under certain circumstances: (1) the petitioner must have a clear and certain right to the action sought by the request for a writ; (2) the writ must be for the enforcement of ministerial duties, but not for review of the performance of official acts that involve the exercise of the official's judgment or discretion; and (3) there must be no other adequate remedy at law." *Petition of Fairchild*, 159 Vt. 125, 130 (1992). The State argues that § 816 is broadly discretionary and, therefore, is not an appropriate subject for mandamus review. The Court disagrees.

Section 816 provides as follows:

> The Department shall accept monies generated by commissions on telephone services, commissary sales, and sales of approved items not available on commissary by the Department to inmates at its correctional facilities and shall establish with such monies an inmate recreation special fund. The fund shall be used to provide postage to inmates in a manner consistent with Department policy. The fund may be used for costs associated with the oversight and accounting of inmate cash accounts. The fund may be used, at the discretion of the Commissioner, to hire persons or purchase services, equipment, and goods to establish or enhance recreation activities for inmates confined in any of the Department's facilities, and for voluntary inmate contributions that promote the restoration of crime victims or communities. The inmates, through a process established by the inmate recreation fund committee, may also choose to create a loan fund, the operation of which shall be governed by rules adopted pursuant to 3 V.S.A. chapter 25, from which offenders may borrow in order to help them obtain housing upon release from incarceration.

The statute affords the DOC ample discretion. Nonetheless, it also uses the term *shall* three times, and *shall* usually connotes a *nondiscretionary* duty. Further, in listing several ways in which the DOC may spend the subject funds, the Legislature may have intended to cabin the DOC's discretion to spend those funds in the ways set out in the statute. It is, thus, possible that there is a nondiscretionary, ministerial component to the DOCs duties under the statute. No more is needed for the Court to conclude that the Complaint passes muster at the threshold.

To the extent that the State argues that the form of relief specifically sought by Mr. Butler—court supervision of how the DOC properly spends the disputed funds—falls outside the scope of mandamus relief, the Court simply notes that such

6

an issue relates to the type relief available in the event the claim succeeds, not whether Mr. Butler has stated a claim in the first instance.

## Conclusion

All Intervenors are dismissed from this case for failing to exhaust their administrative remedies. Mr. Butler is the sole remaining plaintiff, and mandamus review is the sole remaining claim in this case.

For the foregoing reasons, the State's motion to dismiss is granted, in part, and denied, in part.

Electronically signed on Wednesday, March 29, 2023, pursuant to V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge

7