VERMONT SUPERIOR COURT

Environmental Division

Docket No. 25-ENV-00077

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



| 4659 Main Street Certificate of Compliance |
|---|

## ENTRY ORDER

| Motion: | Appellants' Motion for Permission to Represent Highridge Plaza LLC Pro Se |
|---|---|
| Filed By: | Karen Geriak & Adam Dworkin, pro se |
| Date: | October 24, 2025 |
| | Opposition to Motion to Allow Non-Attorney Representation for Appellant High Ridge [Plaza], LLC, filed October 27, 2025 by Merrill Bent, Attorney for Town of Manchester |
| | Appellants' Reply to Town's Opposition to Motion for Permission to Represent Highridge Plaza LLC Pro Se, filed November 3, 2025 by Karen Geriak & Adam Dworkin |

**The motion is DENIED.**

This case involves an appeal of the Town of Manchester (Town) Development Review Board's (DRB) August 25, 2025 approval, in part, of one or more applications for certificates of compliance for various improvements to the property located at 4659 Main Street (the Property).  The original notice of appeal filed September 2, 2025 references "Karen M. Geriak and Adam H. Dworkin of High Ridge Plaza LLC" as the Appellants.[1]  On September 8, 2025, the Court received a second notice of appeal signed three different times by Ms. Geriak and Mr. Dworkin for, respectively, themselves individually, High Ridge Plaza LLC (High Ridge) and The Dworkin-Geriak Family Trust (the Trust).  On September 17, 2025, the Court received a third notice of appeal, signed by Ms. Geriak and Mr. Dworkin for themselves, High Ridge, the Trust and Nipper's Café and Cold Cow Creamery. Only Ms. Geriak and Mr. Dworkin, in their individual capacities, have entered an appearance in this case.

On October 13, 2025, the Court held an initial status conference in this matter.  Ms. Geriak appeared and was self-represented.  No other parties appeared.  At that time, the Court confirmed that Ms. Geriak and Mr. Dworkin intended to represent themselves pro se and were also seeking to

---

[1] In their filings in this case, the Appellants variously refer to the LLC as "Highridge" (one word) and "High Ridge" (two words).  For consistency, the Court refers to "High Ridge," except when directly quoting Appellants.

represent certain business entities that they control, including those referenced above.[2] The Court explained that non-attorneys wishing to represent a corporation must file a motion and meet specific requirements outlined by the Vermont Supreme Court in <u>Vermont Agency of Nat. Res. v. Upper Valley Regional Landfill Corp.</u>, 159 Vt. 454 (1992). The Court instructed Ms. Geriak and Mr. Dworkin to file such a motion within two weeks of October 13, 2025. Ms. Geriak and Mr. Dworkin have now filed that motion, which the Town opposes.[3]

In <u>Upper Valley</u>, the Vermont Supreme Court observed that "courts have generally refused to permit nonattorneys to represent organizations because they do not have the ethical responsibilities of attorneys and are not subject to the disciplinary control of the courts." <u>Id</u>. at 456 (citations omitted). After evaluating certain competing interests, however, the Court stated:

> We agree with those courts that have permitted nonattorney representation in <u>exceptional circumstances</u>, where the interests of the organization are protected because the nonattorney has a common interest with the organization and the proposed lay representative demonstrates adequate legal skills so as not to burden the opposing party or the administration of the courts. Although the lawyer-representation rule serves important public interests, it should not be rigidly enforced in cases where those interests are not threatened and enforcement would preclude appearance by the organization.
>
> We hold, therefore, that courts have <u>discretion</u> to permit an organization to appear through a nonattorney representative where the proposed representative establishes that (1) the organization cannot afford to hire counsel, nor can it secure counsel on a pro bono basis, (2) the proposed lay representative is authorized to represent the organization, (3) the proposed lay representative demonstrates adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the court, and (4) the representative shares a common interest with the organization.

<u>Id</u>. at 458 (emphasis added). A very similar standard for determining whether to allow a non-attorney to represent corporate interests, including limited liability companies, is codified at 11A V.S.A. § 3.02(1)(A)-(C). See <u>Bandler v. Charter One Bank</u>, No. 2016-308 at 3 (Vt. Super. Ct. Mar. 2017) (unpublished mem.) (noting that "the test for whether a nonattorney can represent a corporation is essentially the same under our case law and under the statute").

---

[2] The Court understands that Nipper's Café and Cold Cow Creamery are not, in fact, separate legal entitles, but rather assumed business names of High Ridge. Thus, the sole relevant business entity for the purpose of the pending motion is High Ridge.

[3] The Town entered an appearance in this matter on October 27, 2025.

Thus, only individuals may represent themselves before the Court without leave of the Court. Organizations and business entities, including limited liability companies, must be represented by counsel, except in exceptional circumstances. Based on its analysis of the factors listed above, the Court has the discretion, upon motion, to allow an organization or business entity to appear through a non-attorney. In this case, however, and for the reasons set forth below analyzing the Upper Valley factors, the Court concludes that Ms. Geriak and Mr. Dworkin have not met the requirements for non-attorney representation of High Ridge.

First, while they may share a common interest with the High Ridge, Ms. Geriak and Mr. Dworkin have not come forward with a corporate resolution, letter of authorization on company letterhead, or authorization from the Trust, as owner of High Ridge, to serve as the "authorized representative of Highridge Plaza LLC." They have merely asserted that they are the authorized representatives. This assertion, putting aside the evidentiary concerns set forth above, is also not supported by any affidavit signed under oath, though the Court does not conclude that that alone would be sufficient under Upper Valley.

Ms. Geriak and Mr. Dworkin, in their motion, also have not demonstrated that High Ridge cannot afford to hire counsel or secure counsel on a pro bono basis. They state that they have "been forced to retain two separate law firms" to represent them (and presumably High Ridge) in other pending matters, and that they made a "reasoned business decision" to handle this appeal themselves so that their "limited finances" could be directed toward the other litigation. These statements do not demonstrate that High Ridge cannot afford to hire counsel and/or cannot secure pro bono counsel. They demonstrate that Ms. Geriak and Mr. Dworkin, at least individually, can afford to hire counsel (indeed, two different law firms), but have prioritized their legal affairs — based on their own cost-benefit analysis — to not retain counsel in this case. This is not the standard contemplated by Upper Valley.

Most significantly, the Court concludes based on Ms. Geriak and Mr. Dworkin's filings to date in this case, and on the Court's experience with their self-representation/attempted representation of High Ridge in another recent matter, see In re Chompupong DRB Decision Appeal, No. 24-ENV-00092, that they have not demonstrated adequate legal knowledge and skills to represent the organization without unduly burdening the opposing party or the Court. The Court has already noted Ms. Geriak's and Mr. Dworkin's multiple, and largely duplicative, filings in this case. Similarly, in

3

Docket No. 24-ENV-00092, the record was flooded with motions and exhibits, the vast majority of which were attributable to Ms. Geriak and Mr. Dworkin and many of which were duplicative.[4]

Further, in the weeks just prior to and following the scheduled merits hearing in Docket No. 24-ENV-00092, and at the hearing itself, Ms. Geriak and Mr. Dworkin struggled to respond to a challenge to their standing, resulting in many unnecessary filings (including numerous copies of prior judicial decisions) and multiple motions (requiring the Court to issue approximately a half dozen separate orders). While the Court understands that Ms. Geriak and Mr. Dworkin were doing their best to represent and defend their interests, they did so in a manner that created a very significant burden for the Court and other parties. Although Ms. Geriak and Mr. Dworkin apologize in their present motion for their past duplicative filings, which they assert were largely based upon a lack of understanding of Odyssey File and Serve, and state that they "now understand from the Court that this [repeatedly filing of the same documents] is not the correct procedure and can overburden Court staff," the Court has concerns that in their efforts to support their appeal on behalf of High Ridge, they will continue to file unnecessary documents with the Court.

Finally, the Court also notes that many of Ms. Geriak's and Mr. Dworkin's filings, including the instant motion, bear some of the hallmarks of having been prepared, at least in part, using artificial intelligence (AI) systems. While the use of AI is not prohibited by the Court, and the Court has no direct evidence or assertion that any such filings were conclusively produced using AI, to the extent that they were, and in the general interest of providing guidance on the use of AI in court filings/processes, parties that do elect use AI should be aware of its limitations.[5] It is now well-known that AI can "hallucinate" case citations and summarize legal principles in a flawed, mistaken or confusing manner. Again, the Court is not aware of any such "hallucinated" cases here. It simply notes this is a general possibility when using AI for legal purposes. What is apparent from the motion, regardless of whether it was prepared using AI, is that aspects of its legal analysis (e.g., the "principle of proportionality") are unclear and it does not address the Upper Valley factors in a direct and comprehensive manner, lending further support to the Court's conclusion that Ms. Geriak and Mr. Dworkin do not have the legal knowledge and skills to represent High Ridge.

---

[4] The list of entries in Odyssey File and Serve for Docket No. 24-ENV-00092 consist of eight separate, single-spaced pages of entries (consisting of 1,620 total pages of filings) for a case that involved a single question presented. Not all of these pages were attributable to Ms. Geriak and Mr. Dworkin, but the vast majority of them were. That matter was pending before the Court for only approximately 12 months.

[5] Parties who use AI should be aware that their filings are subject to the requirements of Rule 11. All citations should be checked for accuracy and legal contentions must be warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or establishment of new law. V.R.C.P. 11(b).

For all of the foregoing reasons, Ms.Geriak's and Mr. Dworkin's motion for non-attorney representation of the High Ridge is DENIED. High Ridge shall retain legal counsel and have such counsel file a notice of appearance in this matter on High Ridge's behalf within 30 days of the date of this Entry Order, and as set forth in the accompanying Entry Order ruling upon Appellant's motion for enlargement of time to secure legal counsel for High Ridge, or it shall be dismissed as a party to this appeal.

Electronically signed on November 13, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division