**In re John L. Norris Trust**

[465 A.2d 1385]

No. 574-81

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

326

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Plaintiffs-Appellees.

*Edwards C. O'Boyle, Jr.,* St. Johnsbury, for Defendant-Appellant.

**Peck, J.** This is an appeal by the beneficiary of the John L. Norris Trust from a denial of her motion to set aside a decree of the Caledonia Superior Court. The decree permitted the trustees to sell 340 shares of a small family corporation, which constituted the trust corpus, back to the corporation for a specified amount. The proceeds are to be reinvested in order to realize more income for the beneficiary. The beneficiary, daughter of the settlor of the trust, and the remaindermen, her two adult children, both resident in other states, were named as defendants. We affirm.

Originally, the beneficiary opposed the sale and retained counsel to represent her. Her counterposition was that the trust should be terminated and the assets delivered to her. However, negotiations between attorneys for the beneficiary and the trustees resulted in a stipulation for a consent degree which subsequently issued. The stipulation was signed by the beneficiary after consultation with her counsel, and by the trustees. The remaindermen accepted service of the trustees' action and filed answers. At one point both sent letters to the court indicating disapproval of the stipulation, but neither one appeared at any of the hearings, either personally or by counsel. It is unnecessary for purposes of this appeal to set forth details of either the stipulation or the decree, other than to note that sale of the shares to the corporation, and reinvestment of the proceeds, was authorized.

Shortly after the decree was issued, the beneficiary discharged her attorney and filed a pro se motion to set aside the decree and reopen the case. Essentially, the motion alleged that

her attorney acted contrary to her best interests, misleading her into the belief that the stipulation and decree were preliminary steps only and not a final disposition of the litigation. The trial court treated the motion as one brought under V.R.C.P. 60(b)(6), for relief from judgment for reasons other than those more specifically defined under 60(b)(1)–(5). As a result of having been allegedly misled by her atttorney, she claimed, in effect, that she signed the stipulation under duress.

The beneficiary retained new counsel and her motion was heard on November 19, 1981. The court made findings of fact and issued its order denying the motion, both dated November 23, 1981. This appeal followed.

The beneficiary presents two issues for our review: first, she claims that the trial court abused its discretion in denying her motion for relief from the decree, and second, that the matter should be remanded for consideration of the interests of the two remaindermen. Both issues are quickly disposed of.

A party who alleges an abuse of discretion has the difficult burden of demonstrating that abuse. *State* v. *Savo,* 141 Vt. 203, 208, 446 A.2d 786, 789 (1982). Discretionary rulings will not constitute grounds for reversal if there is a reasonable basis for the action of the trial court. *Id.* Moreover, findings of the trial court must stand if supported by credible evidence, even if there is substantial evidence to the contrary. *Griffith* v. *Nielsen,* 141 Vt. 423, 429, 449 A.2d 965, 968 (1982).

In the case before us, the evidence as disclosed by the transcript is not seriously conflicting. The court found that the beneficiary read and understood the stipulation before and after she signed it, and in fact did not profess she did not understand its terms and significance; that she acted freely with full knowledge of the stipulation and executed it voluntarily; and that she was not coerced by misrepresentation, fraud, or otherwise to sign the stipulation. Further, the court was satisfied that the beneficiary is a person of better than average intelligence. Finally, the court noted in its findings that the stipulation and decree were actually beneficial to her; for the years 1978–1980 she received income from the trust of $300.00, $680.00 and $1,300.00 respectively, whereas under the terms of the agreement she is guaranteed an annual income of $5,000.00.

These findings are well supported by the evidence as disclosed by the transcript.

We have in mind, as the trustees point out, that this is not an appeal from the decree itself, but only from the denial of the beneficiary's motion to set aside that decree. Accordingly, issues relating to the merits of the case-in-chief are not before us, nor does the beneficiary suggest seriously that they are. Considering the abuse of discretion question involved in the denial of the motion, the beneficiary has failed in her obligation to show an abuse of discretion in the denial of her motion. The order is amply supported by the findings and the findings by the evidence.

The second question raised by this appeal, whether the cause should be remanded for consideration of the remainder interests, is also without merit. The remaindermen were duly notified of the proceedings. They did not elect to appear either personally or by counsel, nor does the beneficiary make any showing that either she or her attorney have any authorization or standing to represent their interests. "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth* v. *Seldin,* 422 U.S. 490, 499 (1975). The remaindermen did not see fit to appeal from the decree, or to join in the beneficiary's motion or in this appeal. In any event, the issue is raised here for the first time; therefore, it is not now available to the beneficiary. *Lanphere* v. *Beede,* 141 Vt. 126, 129, 446 A.2d 340, 341 (1982).

Viewing the evidence in the light most favorable to the trustees, the prevailing parties, as we must do, *Paradis* v. *Kirby,* 138 Vt. 524, 526, 418 A.2d 863, 864 (1980), this case sums up on the record as disclosing little more than a person who, too late, simply changed her mind concerning a stipulation she entered into freely, voluntarily, and without misunderstanding or coercion. Appellees properly suggest in their brief, "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann* v. *United States,* 340 U.S. 193, 198 (1950). We find no reversible error.

*Affirmed.*