NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 59

No. 25-AP-038

| | |
|---|---|
| In re Lake Bomoseen Association and Lake Bomoseen Preservation Trust Denial<br>(Lindsey C. Waterhouse, Appellant) | Supreme Court<br><br>On Appeal from<br>Superior Court,<br>Environmental Division<br><br>September Term, 2025 |

Thomas G. Walsh, J.

Lindsey C. Waterhouse, Pro Se and Board Member, Lake Bomoseen Preservation Trust, Fair
  Haven, Appellant.

Jon Groveman, Vermont Natural Resources Council, Montpelier, for Appellee Vermont Natural
  Resources Council, Bob Stannard, Rob Steele, Jessica Steele, Joanne Calvi, Melinda Quinn,
  Allison Stetzel, Lyn Gee, Clarence Beayon, Janet Jones, Cynthia Moulton & Jody White
  (Citizens).

Kevin L. Kite of Carroll, Boe & Kite, PC, Middlebury, for Appellee Town of Fair Haven.

Charity R. Clark, Attorney General, and Hannah Yindra, Assistant Attorney General,
  Montpelier, for Appellee Vermont Agency of Natural Resources.

PRESENT:  Reiber, C.J., Eaton, Cohen and Waples, JJ., and Zonay, Supr. J., Specially Assigned

¶ 1.     **WAPLES, J.**  Pro se appellant Lindsey Waterhouse challenges the Environmental Division's dismissal of his appeal of the Agency of Natural Resources' (ANR) denial of a permit application submitted by coapplicants Lake Bomoseen Preservation Trust (LBPT), Lake Bomoseen Association (LBA), and SOLitude Lake Management.  The court dismissed Mr. Waterhouse's action for lack of jurisdiction because no permit applicant appealed ANR's denial,

and because nonapplicant Mr. Waterhouse lacked standing in their absence. The court also denied LBPT's motion for leave to be represented by Mr. Waterhouse, who is not an attorney, and its motion to intervene. As set forth below, we agree that Mr. Waterhouse lacked standing to appeal to the Environmental Division, and we further conclude that he lacks standing to challenge the court's denial of LBPT's motions. Accordingly, we do not reach his additional challenges to the Environmental Division's decision. We affirm the decision below.

¶ 2. This appeal arises from three organizations'—LBPT, LBA, and SOLitude Lake Management—joint application for an aquatic nuisance control permit from ANR pursuant to 10 V.S.A. § 1455(c). Coapplicants proposed to use pesticides in Lake Bomoseen, a lake in western Vermont, to control the presence of Eurasian watermilfoil. First confirmed in Lake Bomoseen in 1982, watermilfoil is an aquatic invasive species that forms canopies and reduces light for surrounding vegetation, impacting native flora and fauna.

¶ 3. Mr. Waterhouse offered public comments supporting the permit application in the proceedings. Though Mr. Waterhouse does not own property on Lake Bomoseen, he lives in the nearby Town of Fair Haven and describes himself as a "third generation Vermonter." He uses Lake Bomoseen for "family get togethers, fishing, hunting, boating, paddling, recreation, and subsistence activities." Mr. Waterhouse is also a retired bioenvironmental engineer and attests that he previously was a board member of LBA and is a current board member of LBPT.

¶ 4. In April 2024, ANR determined coapplicants' proposed pesticide treatments did not pose "an acceptable risk to the non-target environment" and denied the permit application. Within thirty days, Mr. Waterhouse filed a notice of appeal to the Environmental Division, appearing on behalf of himself as a "person aggrieved" under 10 V.S.A. § 8504(d)(2). No permit applicants appealed ANR's denial.

¶ 5. In an entry order responding to multiple motions, the Environmental Division questioned "how Mr. Waterhouse, an individual appearing to have no relation to the applicants

2

and not appearing on their behalf, can maintain an appeal of a permit denial that applicants do not challenge." To the court, coapplicants' "failure to appear in this matter" indicated they decided not to pursue their application. ANR moved to dismiss Mr. Waterhouse's appeal on similar grounds, arguing coapplicants' absence rendered the matter procedurally moot and Mr. Waterhouse lacked standing to appeal.

¶ 6. Following ANR's motion, LBPT's president, Luca Conte, moved to enter an appearance on behalf of LBPT, which moved to intervene. Mr. Conte, who is not an attorney, explained that LBPT previously intended not to "proactively appeal" ANR's denial and instead "await a decision by the court" in Mr. Waterhouse's appeal.

¶ 7. In November 2024, the court held a hearing at which Mr. Waterhouse and several others appeared. Among them was LBA's president, Elizabeth Bird, who clarified that LBA was not "part of [Mr. Waterhouse's] appeal." LBA took no further action in this case. Despite Mr. Waterhouse's representation that Mr. Conte would attend, no representatives from the other two coapplicants appeared.

¶ 8. At the hearing, and in response to LBPT's motions, the Environmental Division clarified that a non-Vermont attorney cannot represent an organization without filing a motion and obtaining the court's permission to do so. The court directed LBPT to either file a motion for leave to be represented by a nonattorney or to retain counsel and file a supplemental motion to intervene. In instructing on the former, the court explained the standards LBPT needed to satisfy, including a showing that the "lay representative is authorized . . . to represent the organization" and "demonstrates adequate legal knowledge and ability to represent" the organization without unduly burdening the opposing parties or the court. See Vt. Agency of Nat. Res. v. Upper Valley Reg'l Landfill Corp., 159 Vt. 454, 458, 621 A.2d 225, 228 (1992) (requiring corporate entities to satisfy four factors when seeking permission for nonattorney representation). Subsequently, Mr.

3

Waterhouse filed a motion bearing Mr. Conte's signature on behalf of LBPT for a nonattorney, namely Mr. Waterhouse, to represent LBPT.

¶ 9.	After further briefing, in January 2025, the Environmental Division dismissed Mr. Waterhouse's appeal. The trial court first held it "lack[ed] jurisdiction" to "hear this appeal without the Co-Applicants appearing" to support their application in the court's de novo hearing. And "in light of the Co-Applicants' absence," the court then concluded that Mr. Waterhouse lacked standing to bring his appeal as a "person aggrieved" under 10 V.S.A. § 8504(a) because "[a]s the sole appellant, Mr. Waterhouse has failed to demonstrate a concrete and particularized injury which is redressable by this court." See id. § 8502(7).

¶ 10.	The Environmental Division also denied LBPT's motions. Finding LBPT failed to show that their proposed representative, Mr. Waterhouse, was authorized to represent LBPT or that he had adequate legal knowledge and skills to do so without unduly burdening the opposing parties or the court, the court denied LBPT's motion for leave to be represented by a nonattorney. See Upper Valley, 159 Vt. at 458, 621 A.2d at 228. In view of that denial and LBPT's failure to retain counsel, the court also denied LBPT's motion to intervene. The court ruled all outstanding motions moot.

¶ 11.	On appeal to this Court, Mr. Waterhouse raises several arguments. He first challenges the trial court's dismissal of his appeal, arguing the court erred in concluding that it lacked jurisdiction without the permit applicants' presence and that he lacked standing in their absence. He next opposes the trial court's denial of LBPT's motions and outlines his qualifications to represent LBPT as a nonattorney. We consider these arguments in turn and, given our conclusion that Mr. Waterhouse lacks standing, decline to reach the merits of his other challenges.

I.  Motion to Dismiss

¶ 12.	We review "a dismissal for lack of subject matter jurisdiction [] de novo." Hous. Our Seniors in Vt. Inc. v. Agency of Com. & Cmty. Dev., 2024 VT 12, ¶ 11, 219 Vt. 80, 315 A.3d

4

1000. "On appeal, we assume as true the nonmoving party's factual allegations and accept all reasonable inferences that may be drawn from those facts." Murray v. City of Burlington, 2012 VT 11, ¶ 2, 191 Vt. 597, 44 A.3d 162 (mem.). "We will not dismiss a complaint on these grounds unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Hous. Our Seniors, 2024 VT 12, ¶ 11 (quotation omitted). "[O]ur review of dismissal for lack of standing is the same as that for lack of subject matter jurisdiction." Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 2, 182 Vt. 234, 936 A.2d 1286.

¶ 13. Mr. Waterhouse first argues that because the Environmental Division "does not solely look at new evidence" but also "bases review on the evidence on the record" in its "De Novo review," the court had jurisdiction to hear his appeal without the permit applicants present. We disagree.

¶ 14. "The Environmental Division is a court of limited jurisdiction." In re DJK, LLC WW & WS Permit, 2024 VT 34, ¶ 25, __ Vt. __, 323 A.3d 911. In considering permit appeals, the Environmental Division "hold[s] a de novo hearing on those issues that have been appealed" in which it "appl[ies] the substantive standards that were applicable before the tribunal appealed from." 10 V.S.A. § 8504(h). Distinct from de novo review, "[a] de novo hearing is one where the case is heard as though no action whatever had been held prior thereto," and as such, "[a]ll of the evidence is heard anew, and the probative effect determined" afresh. In re Poole, 136 Vt. 242, 245, 388 A.2d 422, 424 (1978).

¶ 15. Thus, in its de novo hearing, the Environmental Division's task was to review the permit application according to the same substantive standards ANR applied in its original review without deferring to ANR's decision. Those standards are outlined, in part, in 10 V.S.A. § 1455(d), which authorizes ANR to issue a permit for pesticide use if "the applicant demonstrates" that the proposed use meets certain criteria, such as an "acceptable risk to the nontarget environment."

5

¶ 16. Because § 1455(d) requires an "applicant" to prove their application's compliance with the statutory criteria, the Environmental Division could only hear the appeal if coapplicants appeared with relevant evidence, regardless of "evidence on the record" from prior proceedings. Mr. Waterhouse's argument thus fails. Here, no applicants appeared before the court in Mr. Waterhouse's appeal. LBA's president expressly noted that LBA was not a part of Mr. Waterhouse's appeal; SOLitude Lake Management did not once appear before the court; and LBPT did not successfully intervene in Mr. Waterhouse's appeal because its motion for nonattorney representation was denied, and it was not represented by an attorney. The court correctly held that it did not have jurisdiction.

¶ 17. Mr. Waterhouse unpersuasively relies on In re DJK, where nonpermit applicants appealed a permit to the Environmental Division, to argue that his nonapplicant appeal represents "common practice." 2024 VT 34, ¶¶ 9-10. There, the permit applicant DJK proposed a wastewater system that extended onto the appellants' property and provided the appellants notice to this effect. The appellants asked DJK to change the system's design, but when presented with alternatives, the appellants did not respond. They subsequently appealed the resulting permit issued to DJK approving the wastewater system, arguing "the permit was invalid because the State took their property . . . and they were denied an opportunity to be heard before the permit's issuance." Id. ¶ 10. Contrary to the present case, the DJK appellants' arguments on appeal did not relate to the permit's substantive merits but to an alleged taking of their personal property and violation of their procedural due-process rights. Id. ¶¶ 10, 40. As DJK involves very different facts, including an alleged direct personal injury, it does not support Mr. Waterhouse's argument regarding "common practice."

¶ 18. Notwithstanding coapplicants' absence, Mr. Waterhouse contends he "automatically has standing in this case as a person aggrieved." See 10 V.S.A. § 8504(a) ("Within 30 days of the date of the act or decision, any person aggrieved by an act or decision of the

6

Secretary . . . may appeal to the Environmental Division . . . ."). He also notes his "right to appeal" and his "right to be heard in this case."

¶ 19. We clarify that being able to appeal and having standing are not equivalent. "Standing does not refer simply to a party's capacity to appear in court. Rather, standing is gauged by the specific common-law, statutory or constitutional claims that a party presents." Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341, 693 A.2d 1045, 1048 (1997) (quotation omitted). Far from being conferred automatically, "a plaintiff must demonstrate standing for a court to have jurisdiction over a petition" by "alleg[ing] facts sufficient to confer standing on the face of the complaint." Parker v. Town of Milton, 169 Vt. 74, 76-77, 726 A.2d 477, 479-480 (1998) (quotation and alteration omitted). "In the absence of standing, any judicial decision would be merely advisory, and Vermont courts are without constitutional authority to issue advisory opinions." Brod, 2007 VT 87, ¶ 8.

¶ 20. We therefore assess whether Mr. Waterhouse has alleged facts sufficient to demonstrate that he is a "person aggrieved" for the purposes of 10 V.S.A. § 8504(a).* We conclude he has not.

¶ 21. A "person aggrieved" is one "who alleges an injury to a particularized interest protected by the provisions of law . . . that can be redressed by the Environmental Division or the Supreme Court." Id. § 8502(7). "A 'particularized interest' for the purposes of these environmental statutes is an interest that sets the interests of the would-be party apart from the general interests of others." In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 16, 214 Vt. 587, 256 A.3d 62 (concluding neighbors had "particularized interest" where proposed stormwater system would allow polluted runoff to enter and affect their property).

---

* While the trial court raised both statutory and constitutional standing in its analysis, Mr. Waterhouse's brief only substantively addresses the court's analysis of statutory standing. Thus, we assess statutory standing only.

7

Establishing redressability requires showing "the court can remedy [the injury] by granting the sought-after relief." In re Acorn Energy Solar 2, LLC, 2021 VT 3, ¶ 53, 214 Vt. 73, 251 A.3d 899 (quotation omitted).

¶ 22. Mr. Waterhouse has not demonstrated a "particularized interest" sufficient to confer standing. While he lives near the lake, he does not own any property on Lake Bomoseen. See Snowstone, 2021 VT 36, ¶ 19. Like him, many other members of the public enjoy Lake Bomoseen for a host of "recreation[] and subsistence activities," including family gatherings, fishing, hunting, and boating. These common uses establish only a generalized recreational interest in Lake Bomoseen.

¶ 23. Mr. Waterhouse's "professional and volunteer interests," namely his experience as a retired bioenvironmental engineer, past or current involvement with LBA and LBPT, and support of the permit's approval, also do not distinguish him from others. Many individuals may share Mr. Waterhouse's general policy interests and concerns related to the environment, Lake Bomoseen, and aquatic invasive species.

¶ 24. Further, Mr. Waterhouse has not demonstrated that either the Environmental Division or this Court can redress the injury to his interests in the "continued impairment to Lake Bomoseen." Even if we were to grant Mr. Waterhouse's requested relief and remand to the Environmental Division for consideration anew, and even if the Environmental Division did grant the permit, the court would not have an entity to issue the permit to. Mr. Waterhouse has conceded "he would have no ability to use any issued permit," and he has not offered any evidence that the permit applicants—or any other party—would implement such a permit.

¶ 25. For these reasons, Mr. Waterhouse has not established himself as a "person aggrieved" under 10 V.S.A § 8502(7), and the Environmental Division did not err in dismissing Mr. Waterhouse's appeal for lack of standing. Thus, we need not consider his remaining challenges to the court's decision.

## II. LBPT's Motions

¶ 26.    We therefore turn to Mr. Waterhouse's arguments on behalf of LBPT, namely that the trial court erred in denying LBPT's motion for nonattorney representation and motion to intervene on the grounds that LBPT lacked an approved nonattorney representative and had not retained a licensed attorney.

¶ 27.    Before considering Mr. Waterhouse's substantive claims, we must first determine whether Mr. Waterhouse has standing to assert them on LBPT's behalf.  See Parker, 169 Vt. at 77, 726 A.2d at 480.  As explained above, "[i]n any case before this Court . . . the [appellant] bears the burden to establish standing."  PeakCM, LLC v. Mountainview Metal Sys., LLC, 2025 VT 50, ¶ 41, __ Vt. __, __ A.3d __.

¶ 28.    "To establish standing to raise a claim on appeal, the rights of the party seeking to appeal must be adversely affected by the judgment."  Id. (quotation omitted).  Because the interest of an injured party typically "inures solely to" that injured party, Lowell v. Dep't for Child. & Fams., 2024 VT 46, ¶ 16 n.7, __ Vt. __, 325 A.3d 42, "[t]he [appellant] generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  In re John L. Norris Tr., 143 Vt. 325, 328, 465 A.2d 1385, 1387 (1983) (alteration and quotation omitted).  As such, and in accordance with "the general prohibition on a litigant's raising another person's legal rights," Hinesburg Sand & Gravel Co., 166 Vt. at 341, 693 A.2d at 1048, "we generally do not allow third-party standing."  Baird v. City of Burlington, 2016 VT 6, ¶ 15, 201 Vt. 112, 136 A.3d 223.

¶ 29.    When a third party seeks to represent an injured party, the third party must make a "showing that [he] . . . [has] any authorization or standing to represent" the interests of the injured party, Norris Tr., 143 Vt. at 328, 465 A.2d at 1387, or that the injured party would "likely be unable to assert their own . . . rights."  Baird, 2016 VT 6, ¶¶ 14-15 (holding appellant lacked standing to challenge city's trespass ordinance on behalf of those who had been given notice of trespass

9

because she had never been "targeted, cited, or prosecuted under the ordinance," and they could seek relief themselves).

¶ 30.    Mr. Waterhouse has not shown he has standing to represent LBPT in this appeal. The court's denial affected LBPT, but LBPT did not appeal the adverse judgment.  Though Mr. Waterhouse remarks on why he should have been granted permission to represent LBPT to the Environmental Division, he does not first explain why he is authorized to contest that court's denial to this Court on LBPT's behalf.  See Norris Tr., 143 Vt. at 328, 465 A.2d at 1387.  Nor does he establish that LBPT was unable to assert its own rights.  See Baird, 2016 VT 6, ¶ 15.  Therefore, we decline to consider whether the trial court properly denied LBPT's motion for nonattorney representation and motion to intervene.  For these reasons, we do not disturb the court's decision below.

Affirmed.

FOR THE COURT:

_____

Associate Justice

10