VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00105



| Two Lakes, LLC ZBA Denial #W-10-21 & #W-22-25 |
|---|

## ENTRY REGARDING MOTION TO DISMISS AND MOTION TO REOPEN

Title:      Motion to Dismiss (Motion: 1)

Filer:      Robert M. Fisher, Esq., counsel for Town of Whitingham

Filed Date:      December 12, 2025

Appellants' Consolidated Rule 4 Motion to Re-open and Opposition to Appellee's Motion to Dismiss Appeal, filed by Ronald A. Ferrara, Esq., on January 10, 2026

**The motion is GRANTED.**

Title:      Motion to Reopen (Motion: 2)

Filer:      Ronald A. Ferrara, Esq.

Filed Date:      January 10, 2025

Motion [sic] in Opposition to Motion to Re-Open, filed by Robert M. Fisher, Esq., on January 28, 2026

**The motion is DENIED**.

This case involves a de novo appeal of the Town of Whitingham (Town) Zoning Board of Adjustment's (ZBA) decision, dated September 15, 2025, concerning two related matters. The decision first denied an appeal of a notice of violation issued by the Town's Zoning Administrator alleging noncompliance with Zoning Permit #W-10-21 by Two Lakes, LLC, and Christoper Roberts (together, Appellants). Second, the decision denied Appellants' request for waivers of certain setback and dimensional requirements for the structure that was the subject of that previously approved permit (i.e., Permit #W-10-21). The Town has moved to dismiss the appeal for lack of subject matter jurisdiction, arguing that the appeal is untimely under 10 V.S.A. § 8504(b)(1) and Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 5(a)(1) and (b)(1). Appellants oppose the motion and have moved to reopen the time to file an appeal pursuant to V.R.A.P. 4(c).

Interested parties have a statutory right to appeal a decision of a municipal panel to this Court under 24 V.S.A. § 4471 and § 4472, but that right must be exercised in the manner prescribed by

statute and the V.R.E.C.P. See V.R.E.C.P. 5(a)(1). Such appeals must be filed "[w]ithin 30 days of the date of the act or decision" by "an interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding under that chapter." 10 V.S.A. § 8504(b)(1); see also V.R.E.C.P. 5(b)(1) (appeal to Environmental Division must be filed "within 30 days of the date of the act, decision, or jurisdictional opinion appealed from, unless the court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure.").

This Court lacks subject matter jurisdiction over appeals filed outside of the 30-day period. See In re Gulli, 174 Vt. 580, 583 (2002) ("Failure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal"). Consequently, the Court evaluates the Town's instant motion challenging the timeliness of Appellants' appeal as a request for dismissal under V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

When reviewing a 12(b)(1) motion to dismiss, the Court accepts all uncontroverted factual allegations as true for the purposes of the motion and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. The Court may also consider evidence outside the pleadings when resolving this type of motion. Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11.

The factual allegations relevant to the Town's motion are not in dispute. The ZBA issued a decision on Appellants' application on September 15, 2025. Appellants received the original decision via hand-delivery from the Town's Zoning Administrator to Mr. Roberts on September 17, 2025. The ZBA decision indicated that an interested person could appeal the decision to the Environmental Division within 30 days. The 30-day deadline for filing a notice of appeal was October 15, 2025. Sometime prior to that date Appellants retained counsel who requested all relevant documents from the Town's attorney. Those documents were provided to Appellants' counsel by the Town's attorney on October 15, 2025. Appellants, through counsel, attempted to file a notice of appeal on October 17, 2025, but experienced "technical difficulty filing on that date." On October 21, 2025, Appellants' counsel filed a notice of appeal, but he "understood that the appeal was docketed on October 17, 2025."

Appellants' counsel did not identify a timeliness issue at the time that he first attempted to file a notice of appeal (i.e., on October 17), despite the ZBA's decision being dated September 15. On December 1, 2025, during the initial status conference in this case, the Court raised the issue of timeliness of the appeal with the parties. The Town indicated it had also identified timeliness as a concern and intended to file a motion to dismiss. On December 12, 2025, the Town moved to dismiss

the appeal on timeliness grounds. In response, Appellants have opposed the motion and moved to reopen the appeal period pursuant to V.R.A.P. 4(c). Appellants' motion to reopen was filed on January 10, 2026.

The Town argues that Appellants did not file their appeal within 30 days of the date the ZBA issued its decision, and failure to do so warrants dismissal. The time that the appeal period begins to run is clear. 10 V.S.A. § 8504(b)(1) establishes that the notice of appeal must be filed "within 30 days of the date of the act or decision" being appealed. 10 V.S.A. § 8504(b)(1); V.R.E.C.P. 5(b)(1). As the Vermont Supreme Court has explained, the rule creates a single 30-day time period that starts when the decision is issued, not when the party receives notice of the decision. In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 13.

In this case, the decision was issued on September 15, 2025, not on September 17, the date that Appellants received the decision in hand. Therefore, as Appellants concede, the deadline to file an appeal with this Court was October 15, 2025. Such an appeal provides the exclusive remedy of an interested person with respect to the decision or act taken, and upon failure to timely appeal all interested persons affected are bound by the decision or act and "shall not thereafter contest, either directly or indirectly, the decision or act . . . in any proceeding." 24 V.S.A. § 4472(a), (d). Failure to file a timely appeal deprives the Court of jurisdiction over the appeal. Mahar, 2018 VT 20, ¶ 12. Even assuming Appellants' appeal was docketed on October 17, 2025, that date lies beyond the thirty-day period for filing an appeal. As such, this Court is without jurisdiction to hear it.

In their motion, Appellants argue that their counsel "did what he could as fast as could be." Appellants' Motion to Reopen at 4. Even assuming this sentiment is true, the Court disagrees that the assertion is grounds to allow the late appeal. Even accepting that Appellants' counsel did not receive documents related to this matter until October 15, he could have readily filed a notice of appeal that substantially complied with Rule 5's requirements for the contents of a notice of appeal (i.e., identifying the party taking the appeal, statutory provisions under which party status is claimed, the act or decision appealed from, the court to which appeal is taken, and including a signature by the appellant or counsel), with written notice to interested parties to follow.[1] V.R.C.P. 5(b)(3). The fact

---

[1] Indeed, while the notice of appeal is required to "advise all interested parties that they must enter an appearance in writing with the court within 21 days," V.R.E.C.P. 5(b)(3), it is clear from V.R.E.C.P. 5(b)(4) that service of the notice of appeal on each interested person follows the filing of the notice of appeal with the Court and mailing a copy of the same to the clerk or other appropriate officer of the municipal panel, who then provides a list of interested persons to the appellant. See V.R.E.C.P. 5(b)(4). Thus, to the extent that Appellants argue that their late filed appeal is justified because the record provided to them was unclear whether other interested parties received notice of the ZBA's decision and when, this assertion is irrelevant.

that this might have required Appellants' counsel to review multiple documents and turn around a notice of appeal that same day (i.e., on October 15) is not an excuse for the failure to do so (nor is counsel's failure to identify the timeliness issue, which he admits). To the extent that Appellants assert that their late-filed notice of appeal is permissible because other potentially interested persons may have been entitled to receive notice of the ZBA's decision, that does not change Appellants' statutory obligations. Appellants cannot raise issues on behalf of other "interested parties entitled to receive notice" in the context of this appeal. In re John L. Norris Tr., 143 Vt. 325, 328 (1983) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Notwithstanding the above, V.R.E.C.P. 5(b)(1) authorizes this Court to extend the time for taking an appeal "as provided in Rule 4 of the Vermont Rules of Appellate Procedure."

Appellants have asked us to provide such relief pursuant to V.R.A.P. 4(c), titled "Reopening the Time To File an Appeal Based on Lack of Notice." Under Appellate Rule 4(c), the Court may reopen the time to file an appeal if the court finds that (1) the reopening motion is filed within 90 days of entry of the judgment or within 14 days of receipt of notice of the judgment or order, whichever is earlier, (2) the court finds that a party entitled to notice of judgment or order did not receive that notice from the clerk or any party within 21 days of its entry, and (3) the court finds that no party would be prejudiced. V.R.A.P. 4(c).

Relief under V.R.A.P. 4(c) is not available in this instance. It is undisputed that Appellants received the ZBA's decision in hand on September 17, 2025. It is further undisputed that the motion to reopen was filed on January 10, 2026. As noted above, "[t]o reopen an appeal, the appellant must file [a motion] within ninety days of the decision appealed or within fourteen days of receiving notice, whichever is earlier, and she or he must show lack of required notice and no prejudice to any party." V.R.A.P. 4(c); see, e.g., Mahar, 2018 VT 20, ¶¶ 19–22 (finding parties filed within ninety days of decision and lacked required notice but remanding to determine prejudice). Here, there is no evidence that Appellants lacked notice of the ZBA's decision—indeed, Appellants had the decision in hand with 28 days remaining in the appeal period. Moreover, Appellants' motion to reopen was filed more than 14 days after receiving notice of the decision and more than 90 days after the date the decision was issued.[2] See Mahar, 2018 VT 20, ¶¶ 13–14 (equating entry of judgment in a zoning

---

[2] Appellants observe in their motion that "this appeal was filed within ninety (90) days of entry of the decision at issue." Appellant's Motion to Reopen at 5. This is irrelevant— it is the motion filing date, and not the appeal filing date, that is relevant under V.R.A.P. 4(c)(1). In this case, the motion was not filed within 90 days of the date of decision or within 14 days of Appellants' receipt of notice of the decision.

context with the date the decision is issued). Additionally, Appellants received the ZBA decision in hand directly from the Zoning Administrator within two days of its issuance. Therefore, even in the absence of any prejudice, the requirements of the first and second elements of V.R.A.P. 4(c) have not been met.

The Vermont Supreme Court has recognized "the tension between fairness and the finality of judgments that exists in all types of cases." Id. at ¶ 16. Both interests are important and "to protect and balance these competing interests, procedural rules set deadlines and specific exemptions to those deadlines." In re Mathez Act 250 LU Permit, 2018 VT 55, ¶ 16 (citing V.R.A.P. 4(c) and (d)). Appellants here did not take advantage of the avenues for relief in a timely manner. Just as in Mahar and Mathez, the existing procedural rules already set the balance between finality and fairness in this case.

For the foregoing reasons, the Court concludes that the notice of appeal in this case was not timely filed, and no basis exists to reopen the appeal period under V.R.A.P. 4(c). Since V.R.A.P. 4(c) is the only avenue through which Appellants sought relief from their untimely appeal, the Court further concludes that it lacks subject matter jurisdiction, and this appeal must be dismissed. Therefore, the Town's Motion to Dismiss is **GRANTED**. Appellants' Motion to Reopen is **DENIED**.

Electronically signed on February 4, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division