VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00071
Docket No. 25-ENV-00078



| 637 Kimo Drive Site Plan Application et al. |
|---|

## ENTRY ORDER

Title:     Motion to Dismiss Appellants' Questions 4, 5, 9–15, 20–22, 30 & 40–44

Filer:     James A. Dumont, Esq., and Jared K. Carter, Esq., counsel for ACRES et al.

Date:     March 31, 2026

Response in Opposition to Motion to Dismiss, filed April 15, 2026, by Patty Davis, Pro Se

Opposition to Motion to Dismiss and Conditional Cross-Motion to Amend, filed May 1, 2026, by Matthew B. Byrne, Esq., counsel for Appellants

**The motion to dismiss is GRANTED in part; the motion to amend is GRANTED.**

These coordinated matters involve the Town of Essex (Town) Development Review Board's denial of an application by Scannell Properties, LLC and Allen Brook Development, Inc. (together, Appellants) for site plan approval at 637 Kimo Drive, Essex, Vermont (the Property). Intervenors have moved to dismiss certain Questions contained in Appellants' Statements of Questions for inconsistency with this Court's trial de novo standard of review and, by extension, for lack of subject matter jurisdiction.[1] Intervenor's Motion to Dismiss at 2. Self-represented party Patty Davis opposes the motion. Appellants also oppose the motion but have conditionally moved to amend their Statement of Questions to eliminate references to the evidence below and for better consistency with our de novo standard.

The Environmental Division is a court of limited jurisdiction. 4 V.S.A. § 34. Even in matters properly within our jurisdiction, our scope of review is limited to the legal issues preserved by an Appellant's Statement of Questions. See V.R.E.P. 5(f) ("The appellant may not raise any question on the appeal not presented in the statement as filed . . . ."). An appellant's Statement of Questions is "subject to a motion to dismiss or clarify some or all of the questions." Id. In reviewing a motion to dismiss for lack of subject matter jurisdiction, such as the one before the Court, the Environmental

---

[1] The Statement of Questions in Docket Nos. 25-ENV-00071 and 25-ENV-00078 are identical.

Division uses the standards set out in V.R.C.P. 12(b)(1), applicable to this Court through V.R.E.C.P. 5(a)(2). V.R.E.C.P. 5(a)(2). Thus, the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. However, "a court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction." Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11.

With limited exceptions not applicable here, review before this Court is by de novo hearing. 10 V.S.A. § 8504(h); 24 V.S.A. § 4472(a); V.R.E.C.P. 5(g). "Distinct from de novo review, '[a] de novo hearing is one where the case is heard as though no action whatever had been held prior thereto,' and as such, '[a]ll of the evidence is heard anew, and the probative effect determined' afresh." In re Lake Bomoseen Ass'n., 2025 VT 59, ¶ 14 (citing In re Poole, 136 Vt. 242, 245 (1978)). In a de novo hearing, this Court's task is to review the permit application according to the same substantive standards that the DRB applied to the original review based on the evidence received before this Court without being bound by the DRB's decision below.[2] "[Q]uestions related to alleged procedural or evidentiary shortcomings . . . below have no bearing on the final disposition of the case." In re Rutland WWTF, No. 22-ENV-00054, slip op. at 2 (Vt. Super. Ct. Envtl. Div. July 28, 2023) (Walsh, J.).

In this case, Intervenors argue that Appellants' Questions 4, 5, 9 through 15, 20 through 22, 30 and 40 through 44 are inappropriate because they do not conform to our trial de novo standard of review. Put slightly differently, Intervenors argue that Questions referencing proceedings and evidence before the DRB are irrelevant, and beyond the scope of our jurisdiction, since the Court hears the case as though no prior action whatsoever has occurred. Pro se party Patty Davis asks the Court not to dismiss any questions "to ensure that all relevant evidence and factual context are considered by the Court in its de novo evaluation." Appellants similarly argue that the Court should deny Intervenors' motion, arguing that the "bulk of the questions from the Statement of Questions are proper" and that references to the record below contained in many of the challenged questions are intended to merely provide context and put the parties and the Court on notice regarding the anticipated evidence.

Notwithstanding their position that the challenged Questions are proper, Appellants have agreed to dismiss Questions 9, 12 and 40 through 44, provided Intervenors concede this proceeding

---

[2] In some instances, the Court may admit, pursuant to the Vermont Rules of Evidence, the underlying decision from the appropriate municipal panel or other materials from the record below, but the Court is not restricted to that record, nor are we bound by the below decision. Poole, 136 Vt. 242, 245–46; Chioffi v. City of Winooski, 151 Vt. 9, 11 (1989).

is de novo, and they have moved to amend Questions 4, 5, 11, 14, 15, 20–22 and 30.[3] Intervenors do not object to the amended Questions provided.

First, as discussed above, this is a de novo proceeding. Therefore, the Court grants Appellants' withdrawal of Questions 9, 12 and 40 through 44. This is because, as Appellants concede, those Questions were proactively included in the Statement of Questions in the event Intervenors took the position that this is not a de novo proceeding, which they do not. Thus, these Questions are **WITHDRAWN** and the motion to dismiss with respect to Questions 9, 12 and 40 through 44 is **MOOT**.

Second, many of Appellants' Questions, as written, are inconsistent with our trial de novo standard. In light of that standard, issues regarding proceedings and evidence before the DRB are beyond the scope of our jurisdiction.[4] Therefore, the Court **GRANTS** Intervenors' motion to dismiss those Questions identified above (and not withdrawn by Appellants) as inconsistent with our trial de novo standard of review. Notably, the Court's grant of Intervenors' motion to dismiss and Appellants' motion to amend (as set forth below) does not preclude Appellants from presenting relevant evidence that provides the Court with the full context for its Questions, subject to any objections from other parties. Such evidence may conceivably include evidence presented to the DRB below or created by or on behalf of the Town in relation to the DRB's proceedings.

Finally, the Court **GRANTS** Appellants' request to amend its Statement of Questions as set forth in its conditional motion to amend.[5] Intervenors have consented to each of the proposed amendments and, upon review, the Court agrees that the amended Questions are significantly improved and more consistent with our trial de novo standard. For the convenience of the parties and the Court, Appellants shall file their Amended Statement of Questions with the Court as a separate document within 7 days of the date of this Entry Order.[6]

---

[3] Question 12 is referenced in the heading to the paragraph of Appellants' opposition filing that proposes to withdraw certain questions, but not in the paragraph that follows that heading. See Appellants' Opposition to Motion to Dismiss at 6. Nonetheless, the Court understands from Appellants' proposed amendments (which do not contain Question 12), that they are proposing to withdraw that question. Id. at 7.

[4] While the Court is sometimes able to construe Questions that are phrased in such a manner so that they are consistent with our trial de novo standard, it is not our preference to do so. References in Questions to the proceeding and evidence below—as summarized in Intervenors' memorandum—also have the potential to confuse the parties and the Court regarding the nature and the focus of the evidence to be presented at trial.

[5] Because Intervenors stipulate that the amended Statement of Questions cures all deficiencies raised in the motion to dismiss and do not raise any other objections, the Court grants the motion to amend with the understanding that the Amended Statement of Questions supersedes the initially filed Statement of Questions.

[6] Under Rule 5(g)(1)(b) of the Vermont Rules of Electronic Filing "[a]n efiler may not respond to a motion and file a new motion in the same document." In this case, Appellants responded to the Intervenors' Motion to Dismiss and filed their "conditional cross-motion to amend" in the same document. While noting the Rule's requirement, Intervenors

Electronically signed on May 7, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

do not object. Nonetheless, as implied by the Rule, separate filings are helpful for the parties and the Court and, therefore, Appellants are asked to separately file their Amended Statement of Questions.